IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-74,996
 





EX PARTE BRIAN KEITH OWENS, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TYLER COUNTY




 Hervey, J., filed a concurring opinion in which Johnson and Keasler, JJ., joined.



CONCURRING OPINION 



 In Ex parte Wilson, this Court decided that an indigent defendant has a constitutional right
to the effective assistance of counsel until "appeals are exhausted," (1) which includes counsel's
obligation to inform the defendant "of the result of the direct appeal and the availability of
discretionary review." See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.Cr.App. 1997). The filing of
an Anders (2) brief does not relieve appellate counsel of this obligation. (3)

 The dissenting opinion asserts that applicant is not entitled to relief on his Wilson claim
because the supplement (to his original writ application), which supplies through writ counsel a
necessary pleading required by Ex parte Crow, (4) is not sworn. Based on Ex parte Golden, (5) this Court
has discretion to address the merits of an unsworn petition. See Golden, 991 S.W.2d at 862
(choosing to address merits of unsworn petition under the "peculiar circumstances" of the case).

 Addressing the merits of applicant's Wilson claim is "an appropriate exercise of the habeas
corpus power" (6) primarily because the State does not rely on applicant's supplement being unsworn
as a basis to deny relief on his Wilson claim. See Golden, 991 S.W.2d at 862 (choosing to address
merits of unsworn petition in part because "State has not moved to dismiss applicant's application
on the ground that it is unsworn") and at 863 (Womack, J., concurring) (same). It is also arguable
that applicant's supplement should be regarded as sworn since it is merely a supplement to the
original writ, which is sworn. See Webster's II New Collegiate Dictionary (1999) at 1107 (defining
"supplement" in part to mean "[s]omething added to complete a thing, offset a deficiency, or
strengthen the whole"). It is also relevant that the oath requirement of Article 11.14(5), Tex. Code
Crim. Proc., apparently refers only to an original writ and not to a supplement to an original writ. 
These are sufficient "peculiar circumstances" permitting the Court to exercise its discretion to
address the merits of applicant's Wilson claim. 

 With these comments, I join the Court's opinion.


 Hervey, J.

Filed: September 13, 2006

Publish


 
1. See also Article 1.051(d)(1), Tex. Code Crim. Proc., (indigent defendant entitled to counsel
in "an appeal to a court of appeals").
2. See generally Anders v. California, 386 U.S. 738 (1967).
3. In Anders, 386 U.S. at 744, the Court described the obligations of appellate counsel who has
determined that an appeal would be "wholly frivolous."


 The constitutional requirement of substantial equality and fair process can only be
attained where counsel acts in the role of an active advocate in behalf of his client,
as opposed to that of amicus curiae. The no-merit letter and the [state] procedure it
triggers do not reach that dignity. Counsel should, and can with honor and without
conflict, be of more assistance to his client and to the court. (Footnote omitted). His
role as advocate requires that he support his client's appeal to the best of his ability. 
Of course, if counsel finds his case to be wholly frivolous, after a conscientious
examination of it, he should so advise the court and request permission to withdraw. 
That request must, however, be accompanied by a brief referring to anything in the
record that might arguably support the appeal. A copy of counsel's brief should be
furnished to the indigent and time allowed him to raise any points that he chooses;
the court-not counsel-then proceeds, after a full examination of all the proceedings,
to decide whether the case is wholly frivolous. If it so finds it may grant counsel's
request to withdraw and dismiss the appeal insofar as federal requirements are
concerned, or proceed to a decision on the merits, if state law so requires. On the
other hand, if it finds any of the legal points arguable on their merits (and therefore
not frivolous) it must, prior to decision, afford the indigent the assistance of counsel
to argue the appeal. 
4. 180 S.W.3d 135, 138 (Tex.Cr.App. 2005).
5. 991 S.W.2d 859, 861-62 (Tex.Cr.App. 1999).
6. See Golden, 991 S.W.2d at 863 (Womack, J., concurring).