**Ex parte Freddie Raye LOCKETT.**

No. 72761.

Court of Criminal Appeals of Texas, En Banc.

Nov. 26, 1997.

Freddie Raye Lockett, Huntsville, pro se.

Vanessa P. Muldrow, Asst. Dist. Atty., Bryan, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, Judge.

We ordered applicant Freddie Raye Lockett's post-conviction application for writ of habeas corpus filed and set for submission to determine whether, consistent with the double jeopardy provisions in the United States and Texas constitutions, the Texas Comptroller of Public Accounts may collect a drug tax assessed against applicant.[1] We will dismiss for lack of jurisdiction.

### The Relevant Facts

The record before us reveals the following facts relevant to applicant's claim:

On March 15, 1991, Brazos County law enforcement officers searched applicant's home in Bryan pursuant to a search warrant. During the search, the officers found approximately 528 grams of cocaine. The officers also found $585 in cash and several items of personal property, which they seized as contraband. On May 13, 1991, at the conclusion of a civil forfeiture proceeding brought under Chapter 59 of the Texas Code of Criminal Procedure, the 85th District Court of Brazos County rendered judgment against applicant forfeiting the cash and property to the State.

On May 21, 1991, the Comptroller sent applicant a notice of tax due in the amount of $105,800. Evidently, it was the Comptroller's position that applicant owed the tax on account of his possession of the cocaine. See Tex. Tax Code § 159.101. Applicant contested this tax liability, however, and requested an administrative hearing, to which he was

---

1. Applicant filed his application in the convicting court "pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 § 2, et seq." App. at 1.

entitled. See 34 Tex. Admin. Code § 1.1, *et seq.*

On May 23, 1991, the Brazos County grand jury indicted applicant for aggravated possession of cocaine. See Tex. Health & Safety Code § 481.115. On July 25, 1991, an administrative law judge in the Comptroller's Office ordered the administrative hearing continued until resolution of the criminal charges against applicant.

On April 2, 1992, the 272nd District Court of Brazos County found applicant guilty of aggravated possession of cocaine following his plea of *nolo contendere.* The district court assessed applicant's punishment at imprisonment for 38 years plus a $1,000 fine.[2] On June 27, 1995, after the conclusion of the administrative hearing, the Comptroller notified applicant that the drug tax, plus penalty and interest, was due immediately.

On November 2, 1995, applicant filed a *pro se* application for writ of habeas corpus in the convicting district court, arguing (1) that his forfeiture of cash and personal property amounted to "punishment" under the double jeopardy provisions in the Fifth Amendment to the United States Constitution and Article I, § 14, of the Texas Constitution and, therefore, his conviction and punishment for possession of cocaine was a second punishment for the same offense and thus jeopardy-barred,[3] and (2) that, under the same constitutional provisions, the Comptroller's collection of the drug tax would amount to a third punishment for the same offense and thus was also jeopardybarred. With respect to his drug-tax claim, applicant relied upon the decision in *Dept. of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

On November 20, 1995, the State filed an answer to applicant's application, arguing, *inter alia,* that the Comptroller's collection of the drug tax would not amount to punishment for the same offense under the constitutional provisions concerning double jeopar-

dy. But see *Stennett v. State,* 941 S.W.2d 914 (Tex.Crim.App.1996).

On November 30, 1995, the convicting court recommended that we deny relief. On April 30, 1997, we ordered applicant's application filed and set for submission as to his drug-tax claim only. See Tex.Code Crim. Proc. art. 11.07, § 5.

### Analysis

■ At the outset, we are confronted with the threshold question of whether applicant's drug-tax claim may be raised and pursued under the authority of Article 11.07.

■ Convicted felony defendants may utilize Article 11.07 to challenge jurisdictional defects in the convicting court or the denial of fundamental or constitutional rights. *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex. Crim.App.1993). Under that article, after final conviction in felony cases, "the writ will lie to challenge [the] legality of the applicant's confinement, resulting in a judgment of this Court either remanding the [applicant] to custody or ordering his release, as the law and facts may justify." *Ex parte Tuan Van Truong,* 770 S.W.2d 810, 811 (Tex. Crim.App.1989) (internal quotation marks omitted). In other words, "[t]he relief sought must request a change of either the fact or the length of confinement." J. Jasuta, *et al., Texas Criminal Writ Practice* 88 (1997).

In the instant case, applicant's drug-tax claim does not request a change of either the fact or length of his confinement. Rather, applicant seeks an order from this Court barring the Comptroller from collecting the tax. We conclude, therefore, that we have no jurisdiction under Article 11.07 to hear applicant's drug-tax claim.

The application is dismissed.

---

2. The district court's judgment was affirmed on appeal. *Lockett v. State,* 852 S.W.2d 636 (Tex. App.—Houston [14th Dist.] 1993), vacated and remanded, 861 S.W.2d 253 (Tex.Crim.App.1993), on remand, 879 S.W.2d 184 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

3. But see *Fant v. State,* 931 S.W.2d 299 (Tex. Crim.App.1996). As our holding in Fant is dispositive, we did not file and set applicant's first claim.