SOT v. Ramirez







NUMBER 13-00-769-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


THE STATE OF TEXAS, Appellant,


v.


FABIAN RAMIREZ, Appellee.

______________________________________________________________


On appeal from the 214th District Court of Nueces County, Texas.

______________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


The State appeals from the trial court's order granting the motion for shock probation of appellee, Fabian Ramirez. In a
single issue, the State contends the trial court did not have authority to grant appellee's motion for shock probation because
appellee was not eligible for such probation. Appellee has filed a motion to dismiss, contending this Court does not have
jurisdiction to consider this appeal. We grant appellee's motion and dismiss this appeal for want of jurisdiction.

Appellee pleaded guilty before a jury to two counts of sexual assault of a child. (1) The jury found him guilty and assessed
his punishment at ten years imprisonment and a $2,500 fine for each count. The jury also recommended that appellee be
placed on community supervision, and the trial court placed him on community supervision for ten years. On December
10, 1998, the State filed a motion to revoke appellee's community supervision. On February 19, 1999, the trial court
revoked appellee's community supervision and reduced his sentence to four years imprisonment. Appellee appealed, but
the revocation was affirmed by this Court on November 24, 1999. (2) On August 15, 2000, appellee filed a motion for shock
probation, and the trial court granted the motion over the State's objection. This appeal ensued. 

Section 6(a) of article 42.12 of the Texas Code of Criminal Procedure governs shock probation. That section provides:

For the purposes of this section, the jurisdiction of a court in which a sentence requiring imprisonment in the institutional
division of the Texas Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from
the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the
sentence actually begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the
attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and
place the defendant on community supervision under the terms and conditions of this article, if in the opinion of the judge
the defendant would not benefit from further imprisonment and:

 


 the defendant is otherwise eligible for community supervision under this article; and


 


 the defendant had never before been incarcerated in a penitentiary serving a sentence for a felony.




Tex. Code Crim. Proc. Ann. art 42.12, §6(a)(Vernon Supp. 2001). The State contends that appellee is ineligible for shock
probation because he pleaded guilty to the offense of sexual assault of a child, a "section 3g offense." Section 3g of article
42.12 of the code of criminal procedure imposes limitations upon judge-ordered community supervision. SeeTex. Code
Crim. Proc. Ann. art. 42.12, §§ 3, 3g (Vernon Supp. 2001). A trial court may not grant community supervision to a
defendant adjudged guilty of a sexual assault. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(H) (Vernon Supp. 2001). 
If a defendant is not eligible under section 3g for judge-imposed community supervision, he is not eligible for shock
probation. See Ex parte Austin, 746 S.W.2d 226, 229 (Tex. Crim. App. 1988);see also Heath v. State, 817 S.W.2d 335,
339 (Tex. Crim. App. 1991), overruled on other grounds by Ex parte Williams, No. 73,845, 2001 Tex. Crim. App. LEXIS
28, *5 (Tex. Crim. App. April 11, 2001).

In his motion to dismiss this appeal, appellee asserts that because Ex parte Williamsholds that an unauthorized grant of
community supervision is not a sentence, the State cannot appeal and we are without jurisdiction to consider this appeal. 
See Williams, 2001 Tex. Crim. App. LEXIS 28 at *5.

The State does not have an unlimited right to appeal a trial court's decision in a criminal case. The State must invoke one
of the specific instances in which the Legislature has granted it the right to appeal. See Tex. Code Crim Proc. Ann. art.
44.01 (Vernon Supp. 2001). The State has not invoked a specific statute in this case; the only applicable ground is the
State's right to appeal "a sentence in a case on the ground that the sentence is illegal." Tex. Code Crim Proc. Ann. art.
44.01(b) (Vernon Supp. 2001). Therefore, the State may only appeal this case if the trial court's order granting appellee
shock probation is an illegal sentence.

In Williams, the applicant was wrongfully placed on community supervision after he was convicted of a section 3g offense. 
Id. at *1. After his community supervision was revoked, Williams filed a post-conviction application for a writ of habeas
corpus alleging that the illegal probation order rendered his sentence illegal, and claiming that he was entitled to habeas
relief. (3) Id. at *1-*2. In denying relief, the court of criminal appeals held that:

"community supervision is not a sentence or even part of a sentence." Because of this, the illegal granting of community
supervision should not be governed by a rule which applies to illegal sentences. . . . We conclude that the Heath (4) court
erred to extend a doctrine of law regarding sentences to facts involving a probation order. We specifically disavow Heath's
conclusion that an unlawful grant of probation constitutes an illegal or void sentence. In addition, we conclude that
Williams fails to show any entitlement to habeas relief because he fails to prove that he was harmed by the unlawful grant
of probation.



Id. at *5 (quoting Speth v. State, 6 S.W.3d 530 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088 (2000)).

The language in the relevant cases is broad and unequivocal. Williams and Spethleave no doubt that a trial court's order
granting probation is not a sentence. Accordingly, we conclude the State is not authorized to appeal the trial court's order
granting appellee's motion for shock probation. Because we are without jurisdiction to consider this appeal, we grant
appellee's motion to dismiss.

This appeal is dismissed for want of jurisdiction.



FEDERICO G. HINOJOSA

Justice

Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

6th day of December, 2001.

1. See Tex. Pen. Code Ann. § 22.011(b) (Vernon Supp. 2001).

2. Ramirez v. State, No. 13-99-103-CR, 1999 Tex. App. LEXIS 8758 (Tex. App.-Corpus Christi Nov. 24, 1999, pet. ref'd)
(not designated for publication) .

3. To present a cognizable claim for habeas relief, an applicant must show a jurisdictional defect in the convicting court or
the denial of a fundamental or constitutional right. Ex parte Williams, No. 73,845, 2001 Tex. Crim. App. LEXIS 28, *2
(Tex. Crim. App. April 11, 2001); Ex parte Lockett, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997). He must also show by a
preponderance of the evidence that the error contributed to his conviction or punishment. Williams, 2001 Tex. Crim. App.
LEXIS at *4; Ex parte Fierro, 934 S.W.2d 484, 486 (Tex. Crim. App. 1996).

4. In Heath v. State, 817 S.W.2d 335, 337 (Tex. Crim. App. 1991), the appellant appealed the revocation of an
unauthorized probation order. The court of criminal appeals reversed the revocation, holding that if a punishment is not
authorized by law the sentence is void, and that a defect that renders a sentence void may be raised for the first time on
appeal. Id.