**In the Matter of C.G., A Juvenile.**

**No. 12–06–00210–CV.**

Court of Appeals of Texas, Tyler.

March 30, 2007.

---

Craig Alan Greening, for appellant.

Michael J. West, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

C.G. appeals from the district court's denial of habeas corpus relief. In one issue, she contends that she received ineffective assistance of counsel in a juvenile court proceeding. We dismiss for want of jurisdiction.

### BACKGROUND

In July 1999, C.G. participated in the murder of Jeffrey Adam Carrier. She was fourteen years old. In May 2000, C.G. admitted that she was a child in need of services and that she had committed a delinquent act that constituted capital murder. After her admission, the juvenile court committed her to the Texas Youth Commission (Commission) for a determinate period of twenty years.

In March 2005, the Commission wrote to the juvenile court requesting that the court order C.G. transferred to the parole division of the Texas Department of Criminal Justice (adult parole). In its request the Commission noted that C.G.'s twenty-first birthday was July 13, 2005, and it requested that a hearing be held several months before that day. In a report furnished to the juvenile court the next month, the Commission's court liaison wrote that if the court did not release C.G. to adult parole, she "would then be transferred to the Texas Department of Criminal Justice—Institutional Division on or around her 21st birthday." The court held a hearing on June 13, 2005 and heard evidence from the court liaison as well as from C.G. and witnesses called by the State. At the conclusion of the hearing, the court determined that C.G. should not be released to adult parole, but instead ordered that she be transferred to the institutional division of the Texas Department of Criminal Justice (institutional division).

C.G. filed an application for a writ of habeas corpus in March 2006. The district court denied the application. This appeal followed.

### WRIT OF HABEAS CORPUS

In her sole issue, C.G. asserts that she received ineffective assistance of counsel at the June 13, 2005 hearing in juvenile court. Specifically, she complains that her attorney should have objected when the trial court considered transferring her to the institutional division of the Texas Department of Criminal Justice, because the Texas Youth Commission had requested only that she be released to adult parole.

### Writ of Habeas Corpus

The writ of habeas corpus is a remedy to be used by a person restrained in her

liberty to test the legality of her custody or restraint. TEX.CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2006). A person is restrained, for purposes of habeas corpus, if the person is actually confined or subject to the general authority and power of a person claiming the right to exercise control over the person. *See* TEX.CODE CRIM. PROC. ANN. art. 11.22 (Vernon 2006). If the court considering a writ of habeas corpus determines that no legal cause is shown for the imprisonment or restraint, or that a legal cause once existed but no longer exists, the court shall order that the person be discharged. TEX.CODE CRIM. PROC. ANN. art. 11.40 (Vernon 2006).

▮▮▮ The writ process may not be used as a substitute for a direct appeal. *See Ex parte McGowen,* 645 S.W.2d 286, 288 (Tex.Crim.App.1983). Furthermore, the relief sought must change either the fact of confinement or the length of confinement. *See Ex parte Lockett,* 956 S.W.2d 41, 42 (Tex.Crim.App.1997) (citing *Ex parte Tuan Van Truong,* 770 S.W.2d 810, 811 (Tex.Crim.App.1989)).

### *Juvenile Court Procedure*

During the time a person is committed to the Commission, the Commission may request that the trial court release the person to parole or transfer the person to the institutional division. *See* TEX. FAM. CODE ANN. § 54.11(a) (Vernon 2006). If the Commission requests that the person

be released to adult parole, the trial court may return the person to the Commission with or without approval to release that person under supervision. TEX. FAM.CODE ANN. § 54.11(j). If the Commission requests that a person be transferred to the institutional division, the trial court may return the person to the Commission or order that she be transferred to the institutional division. TEX. FAM.CODE ANN. § 54.11(i). For those who were adjudicated for a delinquent act that constituted capital murder committed before September 1, 2003, and assessed a determinate sentence, transfer to the institutional division of the Texas Department of Criminal Justice is automatic on the person's twenty-first birthday if the person has not been released to parole or served at least ten years of the sentence. Act of May 31, 1995, 74th Leg., R.S. Ch. 262, § 64, 1995 Tex. Gen. Laws 2517, 2573–74, *repealed by* Act of June 18, 2003, 78th Leg., R.S., ch. 283, § 61(3), 2003 Tex. Gen. Laws 1221, 1245.[1]

### *Analysis*

Appellant argues that her attorney was ineffective because he did not object to the juvenile court's consideration of the issue of transferring her to the institutional division. She argues that counsel should have objected because the juvenile court lacked authority to transfer her to the institutional division absent a request by the Commission. C.G. does not address the issue of the automatic transfer that was to occur

---

1. Section 61.084(d), Texas Human Resources Code, provided as follows:

   The commission shall transfer a person sentenced under a determinate sentence to commitment under Section 54.04(d)(3), 54.04(m), or 54.50(f), Family Code, for delinquent conduct constituting the offense of capital murder to the institutional division of the Texas Department of Criminal Justice on the person's 21st birthday to serve the

   remainder of the sentence if the person has not:
   (1) served at least 10 years of the person's sentence; or
   (2) been transferred or released under supervision by court order.
   The section was continued in effect for cases where the delinquent conduct occurred before September 1, 2003. *See* Act of June 18, 2003, 78th Leg., R.S., ch. 283, § 62(c), 2003 Tex. Gen. Laws 1221, 1245.

on her twenty-first birthday and asks simply that the "ruling of the juvenile sentencing court . . . be reversed."

The juvenile court's written order is unambiguous. While the judge said in open court that he would not order early release to adult parole, in the next sentence and in the written order, the court ordered C.G. returned to the custody of the Commission and thereafter that she be transferred to the institutional division. Two days later the Commission transferred C.G. to the institutional division. The reason given was a "Court Order[ed] Transfer to TDCJ."

▮▮▮▮ Whether counsel should have objected to the scope of the hearing or whether the trial court acted beyond its authority are not issues that can be resolved by a writ of habeas corpus in this case. Habeas corpus is available to immediately release a prisoner. *Lockett*, 956 S.W.2d at 42. In the context of ineffective assistance of counsel claims, that has been construed to mean that a court may grant habeas corpus relief by way of a new trial or hearing. *See, e.g., Ex parte Briggs*, 187 S.W.3d 458, 470 (Tex.Crim.App.2005). But habeas corpus is available only for those persons who are restrained in some way. *See* TEX.CODE CRIM. PROC. ANN. arts. 11.21, 11.22.

Restraint is given a broad definition, *see Ex parte Ormsby*, 676 S.W.2d 130, 132 n. 4 (Tex.Crim.App.1984), but C.G. was not restrained by the juvenile court order that she be transferred to the institutional division when she filed her application for writ of habeas corpus. C.G. filed her application in March 2006. Even if we view C.G.'s argument in the most favorable light, the juvenile court's order that she be transferred to the institutional division re-

strained[2] her only from June 15, 2005, the date the Commission said it would be transferring her to the institutional division, until July 13, 2005, the date the Commission was otherwise obligated to transfer her to the institutional division. On July 13, 2005, the legal authority to restrain Appellant in the institutional division shifted from the transfer order to a combination of factors: (1) C.G. had been adjudicated for capital murder, (2) she had served less than ten years, (3) the court refused to release her to adult parole, and (4) she reached the age of twenty-one. Said another way, the juvenile court's order transferring her to the institutional division, the order she attacks, ceased to be the legal reason for her restraint on her twenty-first birthday. The argument C.G. presented in her application for writ of habeas corpus only related to her restraint from June 15 until July 13, 2005. That time had passed, and C.G. was no longer restrained by the transfer order when she filed her application for writ of habeas corpus in March 2006.

Because she was no longer restrained by the juvenile court's transfer order when she filed her application, C.G. did not invoke the jurisdiction of the district court. *See Ex parte Cathcart*, 13 S.W.3d 414, 417 (Tex.Crim.App.2000) ("Because we find that appellant was neither held to bail nor legally restrained in her liberty on the charge of intoxication assault, we must also find that the habeas corpus jurisdiction of the district court was not properly invoked."). We do not have original jurisdiction to consider matters of habeas corpus in cases such as this one. *See* TEX.CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2006) (Courts of appeals not within list of courts granted original jurisdiction to issue the writ of habeas corpus.); *see also* TEX. GOV'T

2. This was a restraint only in the sense that she was held in the institutional division instead of by the Commission for the period of less than thirty days.

CODE ANN. § 22.221 (Vernon 2006) (Limited jurisdiction for court of appeals to issue the writ of habeas corpus in circumstances where restraint of liberty occurs in a civil case for violation of a court order). The appropriate appellate remedy is a dismissal when we have no original jurisdiction and the jurisdiction of the court below is not properly invoked. *See Ex parte Cathcart,* 32 S.W.3d 338, 339 (Tex.App.-San Antonio 2000, no pet.).

### DISPOSITION

This appeal is ***dismissed*** for want of jurisdiction.