

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. WR-75,599-03

**EX PARTE CHARLES RAY WALTON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## IN CAUSE NO. 1031750-A
## IN THE 337TH DISTRICT COURT
## FROM HARRIS COUNTY

**KELLER, P.J. delivered the opinion of the unanimous Court.**

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article

11.07 of the Texas Code of Criminal Procedure. Applicant was convicted of aggravated sexual

assault and his punishment was assessed at imprisonment for forty years. The court of appeals

affirmed applicant's conviction, and we refused his petition for discretionary review. Applicant

raises eight issues in this application, employing the 11.07 form that was in use at the time he filed

this application in the district court.[1] At that time, the form allowed for an attached memorandum

of law of unspecified length.[2] Applicant's initial memorandum of law is 328 pages long, 138 pages

---

[1] Tex R. App. P. 73.1

[2] Field 17 of the form used by applicant states: "You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application."

of which relate to Ground Number One. Additionally, applicant has filed motions to supplement this memorandum. The length of this pleading is excessive.

In fiscal year 2013, this Court disposed of 4,868 post-conviction writ applications.[3] We have no wish to prevent any habeas applicant from presenting claims to this Court, but given this volume of cases, it is clear that concise writing benefits both the applicant and the Court. We have therefore amended the Texas Rules of Appellate Procedure to set reasonable limits on the length of post-conviction habeas pleadings.[4]

Other states have adopted rules that expressly limit the length of pleadings in post-conviction habeas proceedings. Florida imposes a 50-page limit, including a memorandum, unless a petitioner shows good cause.[5] Ohio imposes a three-page limit for each ground, though a petition may be accompanied by an attachment of exhibits or other supporting materials and a trial court may extend the page limits.[6] After a California death-row inmate filed a 500-page subsequent petition which raised 143 claims, California imposed a 50-page limit for subsequent habeas petitions in cases in which the petitioner was sentenced to death.[7]

In order to better address the thousands of claims that come to us each year, this Court has

---

[3] Court of Criminal Appeals Activity: FY 13, 1. Appellate Statistics, *available at* http://www.courts.state.tx.us.

[4] Amendments to the Texas Rules of Appellate Procedure 6, 9, 37, 48, 68, 70, 71, 73, Appendix C, Appendix F, Tex. Crim. App. Misc. Dkt No. 13-003, *available at* http://www.cca.courts.state.tx.us.

[5] Fla. R. Crim. P. 3.850(d).

[6] Ohio Crim. R. 35(A).

[7] *In re Reno*, 55 Cal. 4th 428 (2012).

amended the rules governing the application process for post-conviction applications for a writ of habeas corpus. Our revisions include a new length restriction for any memorandum of law. Texas Rule of Appellate Procedure 73.1(d) now provides:

> Each ground for relief and supporting facts raised on the form shall not exceed the two pages provided for each ground in the form. The applicant or petitioner may file a separate memorandum. This memorandum shall comply with these rules and shall not exceed 15,000 words if computer-generated or 50 pages if not. If the total number of pages, including those in the original and any additional memoranda, exceed the word or page limits, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limits. The prescribed limits do not include appendices, exhibits, cover page, table of contents, table of authorities, and certificate of compliance.

The form that is now required under Rule 73.1 repeats this requirement:

> You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and arguments must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.[8]

The Court also amended Rule 73.2 regarding non-compliant applications. That rule now provides:

> The Court of Criminal Appeals may dismiss an application that does not comply with these rules.[9]

Under Rules 73.1(d) and 73.2, an application such as the one before us would be subject to dismissal for being excessively long. However, since these rules were not in place when this application was filed, the court has considered it on the merits. Upon review of the application and the record, we deny relief. All pending motions are denied.

Filed: January 15, 2014
Publish

---

[8] Field 17, Appendix E, Tex. R. App. P.

[9] Tex. R. App. P. 73.2