FILED IN
COURT OF CRIMINAL APPEALS

March 17, 2015

ABEL ACOSTA, CLERK

WR-82,437-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/17/2015 4:02:58 PM
Accepted 3/17/2015 4:20:46 PM
ABEL ACOSTA
CLERK

CAUSE NO. WR-82,437-01

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

_____

EX PARTE SHERRON DONDRIEL PHILLIPS,

APPLICANT

_____

ON APPLICATION FOR AN ARTICLE 11.07 WRIT OF HABEAS
CORPUS IN CAUSE NO. CR-566-12-D(1) IN THE 206TH JUDICIAL
DISTRICT COURT, HIDALGO COUNTY, TEXAS

_____

# APPLICANT'S BRIEF

_____

ALFREDO MORALES, JR.
ATTORNEY AT LAW
P.O. BOX 52942
MCALLEN, TX  78505-2942
(956) 536-8800 BUS
(956) 381-4269 FAX
EMAIL:  amjr700@gmail.com

ORAL ARGUMENT WAIVED

IDENTITIES OF PARTIES AND COUNSEL

In order to assist the court in evaluating and determining whether there is any reason which would require their disqualification or recusal from the case at bar, the Applicant certifies that the following is a list of the parties and counsel who have an interest in the outcome of this case:

PARTIES

Applicant:                          Sherron Dondriel Phillips
                                    Inmate, Texas Dept of Criminal Justice

TRIAL COUNSEL

For Applicant:                      Toribio "Terry" Palacios
                                    1805 E. Russell
                                    Edinburg, TX  78539

                                    Michael Tuttle
                                    P.O. Box 4450
                                    Edinburg, TX  78540

For State:                          Joaquin Zamora, ADA
                                    Hidalgo County District Atty's Office
                                    Hidalgo County Courthouse
                                    100 N. Closner
                                    Edinburg, TX  78539

HABEAS COUNSEL

For Applicant:                      Alfredo Morales, Jr.
                                    P.O. Box 52942
                                    McAllen, TX  78505

i

For the State:                Glenn Devino, ADA
Hidalgo County District Atty's Office
Hidalgo County Courthouse
100 N. Closner
Edinburg, TX 78539

For Board of Pardons
and Parole:               Joseph P. Corcoran, AAG
Texas Atty General's Office
Appellate Division
P.O. Box 12548, Capitol Station
Austin, TX 78711

JUDGE

Trial judge:              Rose Guerra Reyna
Presiding Judge
206th Judicial District
Hidalgo County, TX

G. Jaime Garza
Auxiliary Criminal Court
Hidalgo County, TX

TABLE OF CONTENTS

IDENTITIES OF PATIES AND COUNSEL . . . . . . . . . . . . . . . . . . . i - ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv - v

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT AND AUTHORITIES UNDER ISSUES ONE
AND TWO (CONSOLIDATED) . . . . . . . . . . . . . . . . . . . . . . . . . . 3 - 5

ARGUMENT AND AUTHORITIES UNDER ISSUE THREE. . . . 5 - 10

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

## CONSTITUTIONS

TEXAS CONSTITUTION

Article V, Section 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATUTES

TEXAS GOVERNMENT CODE

Section 311.016(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Section 508.1411 . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 7, 9, 10

## RULES

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rule 73 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## CASES

UNITED STATES SUPREME COURT

Olin v. Wakinekona,
103 S.Ct. 1741 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEXAS COURT OF CRIMINAL APPEALS

Armstrong v. State,
340 S.W.3d 759 (Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . 8, 9

Braxton v. Dunn,
803 S.W.2d 318 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . 8

Curry v. Wilson,
   853 S.W.2d 40 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . 10

Dickens v. Second Court of Appeals
   727 S.W.2d 542 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . 8

Ex Parte Geiken,
   28 S.W.3d 553 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . 5

Ex Parte Lockett,
   956 S.W.2d 41 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . 5

Ex Parte Walton,
   422 S.W.3d 720 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . 11

Healy v. McMeans,
   884 S.W.2d 772 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . 9

In Re Daniel,
   396 S.W.3d 545 (Tex. Crim. App. 2013) . . . . . . . . . . . . . . . . . 10

Lanford v. Fourteenth Court of Appeals,
   847 S.W.2d 581 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . 9

Perkins v. Third Court of Appeals,
   738 S.W.2d 276 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . 8

State ex rel Hill v. Pirtle,
   887 S.W.2d 921 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . 8

State ex rel Holmes v. Court of Appeals,
   885 S.W.2d 389 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

In formulating a response to the questions posed by the court, the Applicant made the following assumptions in conducting his legal research and analysis, and in constructing his arguments for purposes of this brief: 1) that the Applicant received advance notice of the Board's intention to consider him for parole; 2) that there is no presumption to parole in this case; and, 3) that the Applicant's complaint does not challenge the Board's discretionary decision to not grant him parole; rather, Applicant challenges the adequacy of the requisite statutory notice of the Board's post-hearing decision.

## STATEMENT OF THE CASE

Applicant was indicted by an Hidalgo County grand jury with possession of marijuana, a third degree felony. Applicant plead guilty and was placed on deferred adjudication and community supervision. Neither a motion for new trial nor an appeal of the deferred adjudication order was filed. Subsequently, the State filed a motion to adjudicate and, as a result of a plea bargain, Applicant plead true to the allegations in the State's motion and was sentenced to 42 months in the Institutional Division of the Texas Department of Criminal Justice. (Habeas Corpus Application and Trial Court Findings.)

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues in the case involve well-settled principles of law, oral argument will not aid in the court's decisional process. Therefore, Applicant waives oral argument.

## ISSUES PRESENTED

The court ordered that the parties brief the following questions for review: 1) whether an applicant who contends that Sect. 508.1411 of the Texas Government Code has an adequate remedy on habeas when there is no presumption of release to parole; 2) whether, assuming arguendo, that an applicant has an adequate remedy on habeas, the written notice provision of Sect. 508.1411 satisfies due process; and, 3) whether an application for a writ of mandamus is the proper remedy for such claim.

## STATEMENT OF FACTS

On August 1, 2014, the Board of Pardons and Parole (hereinafter the "Board"), pursuant to Section 508.1411 of the Texas Government Code, notified the Applicant that his parole had been denied. Unsatisfied with the adequacy of the statutory notice sent by the Board, the Applicant filed this post-conviction writ of habeas corpus in accordance with Rule 73 of the Texas Rules of Appellate Procedure on this court's prescribed form.

## SUMMARY OF THE ARGUMENT

Because Issues One and Two are interrelated, the Applicant consolidates the argument of these two issues under a single issue.

For purposes of this brief, the undersigned court-appointed counsel contends that the Applicant does not have a remedy on habeas, because the Applicant has not demonstrated that he has a liberty interest in being released on parole; the Applicant's challenge to the Board's notice denying him parole does not directly implicate the fact or duration of his confinement; and, his complaint does not raise any jurisdictional defects or denials of fundamental or constitutional rights.

While Applicant's claim does not raise a claim cognizable in a post-conviction writ of habeas corpus, he does state a claim that can be addressed in an application for writ of mandamus.

## ARGUMENT AND AUTHORITIES UNDER
## ISSUES NUMBERS ONE AND TWO

## THE APPLICANT'S COMPLAINT THAT THE BOARD'S NOTICE DENYING HIM PAROLE IS DEFFICIENT DOES NOT PROVIDE AN ADEQUATE REMEDY ON HABEAS

The Applicant's chief complaint in his habeas application is that the

3

Board's Section 508.1411 post-hearing notice is inadequate and deficient, because it did not provide him with the information which formed the basis for its decision to deny him parole.

While the Applicant attempts to couch his complaint as a constitutional violation of his due process rights secured under the federal constitution, it fails, given that the facts underlying his complaint do not rise to the level of a constitutional violation. More specifically, he does not argue (nor do the facts support) that the statutory notice scheme fails to provide any type of notice that comports with established guidelines and legislative mandates ensuring an opportunity to be heard or considered. Rather, he argues that the post-hearing notice the Board sent him was deficient, since it did not state with specificity what factor(s) it considered in denying him parole. Such a complaint does not state a constitutional violation implicating due process. Additionally, Applicant has not established that he has a liberty interest in getting released on parole.

The Due Process Clause is invoked only where state procedures imperil a protected liberty or property interest. Olim v. Wakinekona, 103 S.Ct. 1741 (1983). Since the Applicant's case does not involve a mandatory release supervision situation, he does not enjoy a reasonable

4

expectation of release on parole.  See and compare with, Ex Parte Geiken, 28 S.W.3d 553 (Tex. Crim. App. 2000)(mandatory release statute creates a liberty interest in parole).

Because the Applicant's complaint and challenge to the Board's parole post-hearing notice neither directly implicate the fact or duration of his confinement, Ex Parte Lockett, 956 S.W.2d 41 (Tex. Crim. App. 1997), nor raise any legitimate jurisdictional defects or allegations of violations of constitutional rights, State Ex Rel. Holmes v. Court of Appeals, 885 S.W.2d 389 (Tex. Crim. App. 1994), the current application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure is not the proper procedural vehicle to address the relief Applicant seeks: proper and sufficient statutory post-hearing notice for denying him parole.

ARGUMENT AND AUTHORITIES UNDER
ISSUE NUMBER THREE

THE WRIT OF MANDAMUS IS THE PROPER PROCEDURAL
MECHANISM TO ADDRESS THE APPLICANT'S COMPLAINT
OF DEFICIENT STATUTORY POST-HEARING NOTICE

The Applicant's s only complaint is that the notice he received from the Board denying him parole did not provide him with the requisite statutory notice detailing the factor(s) which formed the basis for its decision.

5

The Applicant's contention is correct.

Section 508.1411 of the Texas Government Code, titled "Notification of Parole Panel Decision," reads in pertinent part:

> (a) For **each decision** of a parole panel . . . **denying the release** of **an inmate** . . ., the parole panel **shall**:
>
> > (1) Produce a written statement, **in clear and understandable language**, that **explains**:
> >
> > > (A) the decision; **and**
> > >
> > > (B) the **reasons for the decision** only **to** the **extent** those **reasons relate specifically to the inmate**;
> > > (emphasis to original text added.)

The statute makes it clear that the parole panel denying the release of an inmate "shall" produce a written statement that is clear and easy to understand and that explains the reason(s) for the denial that relate only to that particular inmate before it. See, Section 311.016(2), Texas Government Code ("shall" when used in a statute imposes a duty). The Board has no inherent powers or powers conferred by statute or rule permitting it to ignore express, mandatory statutory provisions.

Because the statue clearly prescribes the type and specificity of the post-hearing denial notice, an application for writ of mandamus can

6

resolve the Applicant's complaint and provide him with adequate relief.

In the particular case at bar, the Board's denial notice sent to Applicant did not comport with the mandatory statutory requisites. More specifically, as can be gleaned from examining the Board's notice to Applicant, the letter was nothing more than a hodgepodge of alternative reasons for his denial of parole, a far cry from the specificity required by Section 508.1411. Moreover, the Board's notice was confusing, unclear, and incomprehensible. More importantly, the notice was not tailored to address the reasons that related "specifically to the inmate." On the contrary, the conjunction "or" was used throughout the denial notice, leaving the Applicant guessing which of the several alternative reasons applied specifically to him. Certainly it can be argued with relative ease that the notice was not the "written statement, in clear and understandable language" explaining the reasons of its decision to not grant parole as contemplated by the statute.

Given that the Board did not comply with the statute's mandate, then, the Applicant can seek the appropriate relief through a writ of mandamus.

The Texas Court of Criminal Appeals is empowered by, and has

jurisdiction under, Article V, Section 5 of the Texas Constitution to issue writs of mandamus "in all criminal matters." State ex rel Hill v. Pirtle, 887 S.W.2d 921 (Tex. Crim. App. 1994). And while the court has never issued a definite statement of what constitutes a "criminal law matter," the court has held that the term "encompass[es], at a minimum, all legal issues arising directly out of a criminal prosecution." Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). However, the issuance of the writ is never a matter of right, but rests within the sound discretion of the court. Dickens v. Second Court of Appeals, 727 S.W.2d 542 (Tex. Crim. App. 1987). Additionally, mandamus is a drastic measure, to be invoked only in extraordinary situations. Perkins v. Third Court of Appeals, 738 S.W.2d 276 (Tex. Crim. App. 1987). More importantly, mandamus is only available to compel a ministerial, not discretionary, act. Braxton v. Dunn, 803 S.W.2d 318 (Tex. Crim. App. 1991). "An act is said to be ministerial where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420 (Tex. Crim. App. 1981).

Of course, before the court can entertain and grant a writ of mandamus, the applicant must fulfill two prerequisites: first, he must show that he

8

has no other adequate remedy at law; and, second, he must show that, under the relevant law and facts, he has a clear right to the relief he seeks. Healy v. McMeans, 884 S.W.2d 772 (Tex. Crim. App. 1994). The Applicant here has met both prongs: first, he can neither appeal the board's decision nor challenge it through a post-conviction writ of habeas corpus; and, second, Section 508.1411 spells out, with specificity, what information must be contained in the Board's post-hearing parole denial letter, leaving nothing to the exercise of its discretion or independent judgment in applying the statute.

The Applicant reasonably anticipates that the State of Texas or the Board of Pardons and Parole will argue that the statute he challenges is a civil administrative statute and is, therefore, not a "criminal law matter" over which this court has jurisdiction. However, the court has already put that issue to rest. In both Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581 (Tex. Crim. App. 1993) and Armstrong v. State, supra, this court held that "(a)n issue does not cease to be a criminal law matter merely because elements of civil law must be addressed to resolve the issue." Id at p. 765. The statute in question here, while arguably civil in nature, implements the Texas Code of Criminal Procedure as it specifically relates

9

to the trial court's imposition of the Applicant's sentence. Therefore, since the granting or denial of parole arises as a result of, or incident to, a criminal prosecution, the issue is one which necessarily involves a "criminal law matter," subject to the court's mandamus jurisdiction. Curry v. Wilson, 853 S.W.2d 40 (Tex. Crim. App. 1993).

Even though the Applicant has not specifically filed an application for writ of mandamus, this court has the legal authority to treat his current application for habeas corpus as an application for writ of mandamus under current precedent. In Re Daniel, 396 S.W.3d 545 (Tex. Crim. App. 2013).

### CONCLUSION AND PRAYER

While the Applicant's complaint that the Board's post-hearing notice denying him parole cannot be urged in a habeas corpus petition, such complaint can be addressed in an application for writ of mandamus. Accordingly, the Applicant respectfully requests that the court treat his habeas application as one for writ of mandamus, and that it order the Board to re-issue its notice, with the specificity and particularity mandated by Section 508.1411.

Respectfully Submitted,

Alfredo Morales, Jr.
Attorney at Law
P. O. BOX 52942
McAllen, TX 78505-2942
(956) 536-8800 TEL
(956) 381-4269 FAX
Email: amjr700@gmail.com

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.
STATE BAR NO. 14417290

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, and Ex Parte Walton, 422 S.W.3d 720 (Tex. Crim. App. 2014), I, Alfredo Morales, Jr., court-appointed counsel of record for Applicant, hereby certify that, relying on the word count of the computer program used to prepare the Applicant's Brief herein, the brief contains 3,253 words.

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.

11

CERTIFICATE OF SERVICE

I, Alfredo Morales, Jr., hereby certify that a true and correct copy of the

Applicant's Brief was sent via regular mail to the following respective

counsel of record on this the 17th day of March, 2015:

Glenn Devino, ADA
Hidalgo County District Attorney's Office
Appellate Division
Hidalgo County Courthouse
100 N. Closner
Edinburg, TX 78539
Counsel for the State of Texas

Joseph P. Corcoran, AAG
Office of the Attorney General of Texas
Criminal Appeals Division
P.O. Box 12548
Capitol Station
Austin, TX 78711
Counsel for the Texas Board of Pardons and Paroles

/S/ Alfredo Morales, Jr.

_____
ALFREDO MORALES, JR.