WR-83,312-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/25/2015 4:14:48 PM
Accepted 5/26/2015 8:08:03 AM
ABEL ACOSTA
CLERK

CAUSE NO. WR-83,312-01

RECEIVED
COURT OF CRIMINAL APPEALS
5/26/2015
ABEL ACOSTA, CLERK

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

_____

EX PARTE JAVIER TAMEZ,

APPLICANT

_____

ON APPLICATION FOR AN ARTICLE 11.07 WRIT OF HABEAS
CORPUS IN CAUSE NO. 08-CR-0741-D IN THE 105TH JUDICIAL
DISTRICT COURT, NUECES COUNTY, TEXAS

_____

# APPLICANT'S OBJECTIONS TO TRIAL COURT'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION PURSUANT TO RULE 73.4 OF THE TEXAS RULES OF APPELLATE PROCEDURE

_____

ALFREDO MORALES, JR.
ATTORNEY AT LAW
P.O. BOX 52942
MCALLEN, TX  78505-2942
(956) 536-8800 BUS
(956) 381-4269 FAX
EMAIL:  amjr700@gmail.com

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Applicant JAVIER TAMEZ files his objections to the trial court's findings of fact, conclusions of law, and recommendation, and in support thereof would show the court as follows:

## I.
## PRELIMINARY STATEMENT

The trial court entered its findings on May 5, 2015. The trial court clerk certified the findings and entered them into the minutes of the court on May 13, 2015. On that same date, the findings were mailed to the undersigned counsel. (The District Clerk's Office envelope is postmarked May 13, 2015.) As an officer of the court, counsel would represent that he received the findings on May 16, 2015. Rule 73.4 of the Texas Rules of Appellate Procedure allows counsel ten days to file objections to the trial court's findings. Accordingly, counsel is filing his objections within the time frame provided by the rules.

The Applicant objects to all of the trial court's conclusions that trial counsel rendered the requisite effective assistance of counsel in this case. It is clear that the trial court did not conduct a careful, studied examination of the Applicant's writ, the affidavits, or the record in this case. The trial court relied exclusively on the State's response, even adopting the State's

proposed findings and conclusions verbatim, without any independent analysis of its own.

Accordingly, the Applicant urges his objections as follows:

II.
OBJECTION 1:
TRIAL COUNSEL FAILED OR PRESERVE THE APPLICANT'S
RIGHT TO APPEAL BECAUSE HE DID NOT FOLLOW
THE MANDATES SET FORTH UNDER JONES v. STATE

While trial counsel's affidavit states that he consulted with the Applicant about his post-conviction rights, including the right to file an appeal, he failed to take the appropriate the two-step process outlined in Jones v. State, 98 S.W.3d 700 (Tex. Crim. App. 2003): one, file a Pro Se Notice of Appeal and file a contemporaneous Motion to Withdraw as counsel of record.

That he (trail counsel) may have advised against filing an appeal is immaterial and not controlling. Trial counsel knew Applicant wanted to appeal, but instead of assisting him in providing the appropriate notice to the court, he did nothing, referring him to an appellate lawyer instead. The trial lawyer's responsibility as trial counsel did not end upon the conclusion of the revocation hearing. Rather, it continued for the next thirty days during which time he had to follow the procedure in Jones v. State.

Trial counsel rendered ineffective assistance of counsel in this regard, and the Applicant is entitled to an out-of-time appeal.

III.
OBJECTION 2:
TRAIL COUNSEL FAILED TO PRESENT EVIDENCE AND ARGUE
THAT THE ALLEGED VICTIM, NOT APPLICANT, WAS THE ONE
WHO HAD INITIATED THE CONTACTS

The record clearly substantiates the Applicant's position that he merely responded her constant texts. In fact, the evidence demonstrated that the alleged victim had, in fact, deleted some of the texts so as to give the appearance that it was he who, at times, was initiating contact. The State's attorney even conceded this point in final argument and, even then, Applicant's trial counsel did not make any argument to the trial court that the statue required "initiation" on the part of the Applicant. The evidence was insufficient to have sustained a violation of his terms and conditions of his probation. More importantly, trial counsel should have argued that, legally, the prosecution had no case, because at the time of the hearing in question, there was no legal precedent to show that text messaging was an "electronic communication" within the meaning of the statute. It was not until mid-2014, that an appeals court held, for the first time, that texting could be considered an "electronic communication" under the statute. Perone v. State, No. 14-12-00969-CR (Tex. App. – Houston [14th Dist.] 2014). Again, however, in light of the specific wording of the statute, when taken together with the definition of electronic communications, the

Appeal's court's decision is questionable.

Trial counsel rendered ineffective assistance of counsel on this point.

## IV.
## OBJECTION 3:
## TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE ADVISED APPLICANT TO ENTER PLEAS OF "TRUE" TO THE STATE'S ALLEGATIONS OF NON-PAYMENT OF FEES

Prior to beginning the revocation hearing, trial counsel advised and allowed Applicant to enter pleas of "true" to the allegations that he was in arrears in his monthly supervisory fees, court appointed fees, electronic home monitoring fees, and child support payments.

Suffice it to say, that Applicant had a legal defense to all of these allegations, given that during the relevant time period when they were due, the Applicant was incarcerated, unemployed, or sporadically working odd jobs. More importantly, the State, not the Applicant, had the burden to show that he had willfully failed to make all these payments. (See legal authorities cited in Applicant's writ.)

Trial counsel rendered ineffective assistance of counsel on this point.

## V.
## OBJECTION 4:
## TRIAL COUNSEL FAILED TO OBJECT OT THE STATE'S EXHIBIT WHICH CONTAINED THE OFFENDING TEXT MESSAGES

The State presented only one exhibit to support its allegation that Applicant had contacted the alleged victim in violation of the statute and the

terms and conditions of his probation. State's counsel, without setting the proper predicate, merely tendered the exhibit to the witness, who immediately began testifying as to its contents. Trial counsel did not object, and all of its contents (i.e., numerous texts) came into evidence. The fact that the exhibit could have been properly authenticated and formally introduced as evidence, as the State suggests, is of no moment. It was considered hearsay evidence until such time as all of the formalities were met. The Texas Rules of Evidence apply at revocation hearings. Ex Parte Doan, 369 S.W.3d 205 (Tex. Crim. App. 2012).

Trial counsel rendered ineffective assistance of counsel on this point.

## VI.
### OBJECTION 5:
### TRIAL COUNSEL FAILED TO REQUEST FOR A CONTINUANCE IN ORDER TO ADEQUATELY PREPARE FOR THE HEARING

The record establishes that trial counsel was not fully prepared to contest the allegations in the State's motion to revoke. Even the trial court, recognizing that counsel was not totally prepared, allowed counsel to review the State's exhibit by calling for a brief recess in the proceedings. By having requested a continuance, trial counsel would have been able to secure the witnesses he needed to cast doubt on the alleged victim's credibility, and would have allowed him time to prepare and present his own exhibit, which he told the court that he had some evidence he wanted to tender for the

court's consideration, but candidly admitted that it was not in "proper format."

Trial counsel rendered ineffective assistance of counsel on this point.

## VII.
## OBJECTION 6:
## TRIAL COUNSEL FAILD TO PRESERVE CERTAIN ISSUES FOR APPELLATE REVIEW

Because Applicant had not yet been convicted on the underlying offense because of his deferred adjudicated status, trial counsel could have filed a pre-trial writ of habeas corpus in order to challenge the Applicant's contentions that his guilty plea was involuntary and that his sentence for the stated offense was harsh and disproportionate under this court's authority in Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001) and Jordan v. State, 54 S.W.3d 3 (Tex. Crim. App. 2001). Trial counsel failed to preserve these issues for appellate review, and Applicant is foreclosed from urging these two particular points, even if he were to be granted an out-of-time appeal.

Trial counsel rendered ineffective assistance of counsel on this point.

## VIII.
## OBJECTION 7:
## TRIAL COUNSEL FAILED TO OBJECT TO EXTRANEOUS OFFENSES ALLUDED TO BY THE ALLEGED VICTIM

At the punishment phase of the hearing, the alleged victim referred to several extraneous events about abuse she had suffered at the hands of the

Applicant: punching her during their arguments; demanding sex in exchange for child support; and threatening her with physical harm by one of Applicant's family members, who, according to her, was a member of the Texas Syndicate, a violent Texas prison gang.

Since all of these matters were nothing more than character-conformity evidence, all of these incidents were objectionable under the applicable rules of evidence, but trial counsel made no effort to levy any type of objection.

The State's contention that this evidence was permissible under Article 37.07, and not Rule 404 of the rules of evidence, is without merit. A revocation proceeding is civil in nature and is not a criminal trial. Weed v. State, 891 S.W.2d 22 (Tex. App. – Ft. Worth 1995). Therefore, the Texas Code of Criminal Code provisions do not control. Moreover, contrary to the State's allegation that Rule 404 is limited to guilt/innocence stage is likewise without legal merit. The language of Rule 404 imposes no such restriction or limitation.

Trial counsel rendered ineffective assistance on this point.

## IX.
## CONCLUSION

For the forgoing reasons, the trial court's findings that trial counsel did not render ineffective assistance of counsel is not supported by the record or

by trial counsel's affidavit.

## X.
## PRAYER

Applicant respectfully requests that this court find that the trial court's findings and conclusions are erroneous, both in fact and law, and that his trial counsel rendered ineffective assistance of counsel.  In the event the court is unable to make a decision with the information forwarded by the trial court, then the Applicant would request that the court remand the writ to the trial court for an evidentiary hearing, so that the Applicant is allowed to more fully develop the allegations, and this court can then make the appropriate disposition of the Applicant's requested relief.

Respectfully Submitted,

Alfredo Morales, Jr.
Attorney at Law
P. O. BOX 52942
McAllen, TX  78505-2942
(956) 536-8800 TEL
(956) 381-4269 FAX
Email:  amjr700@gmail.com

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.
STATE BAR NO. 14417290

CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, and Ex Parte Walton, 422 S.W.3d 720 (Tex. Crim. App. 2014), I, Alfredo Morales, Jr., court-appointed counsel of record for Applicant, hereby certify that, relying on the word count of the computer program used to prepare the Applicant's objections herein, the document contains 1,782 words.

/S/ Alfredo Morales, Jr.

_____

ALFREDO MORALES, JR.

## CERTIFICATE OF SERVICE

I, Alfredo Morales, Jr., hereby certify that a true and correct copy of the

Applicant's objections were sent via regular mail to the following respective

counsel of record on this the 25th day of May, 2015:

Les Cassidy
Attorney at Law
814 Leopard Street
Corpus Christi, TX  78401
(Applicant's trial counsel)

James Odell
Asst. Dist. Atty.
Nueces County District Attorney's Office
901 Leopard Street, Room 206
Corpus Christi, TX  78401

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.