**Ex parte Autry Gene GOLDEN, Applicant.**

**No. 73178.**

Court of Criminal Appeals of Texas, En Banc.

May 12, 1999.

Autry G. Golden, pro se.

Marc Brumberger, Assist. DA, Conroe, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MANSFIELD, J., delivered the opinion for the Court, which was joined by MEYERS, PRICE, JOHNSON and KEASLER, JJ.

Applicant was convicted of two thefts and sentenced to six years in each case. No appeal was taken from these convictions. Applicant filed this *pro se*, post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., contending he has not received all the time credit on his sentences to which he is entitled. Attached to his petition is a handwritten "sworn declaration" stating, "under penalty of perjury," that his factual allegations are true to the best of his knowledge. Although lines for a signature, date, and year are provided, the blanks are not filled in.

Before addressing the merits of applicant's claims, we must first determine whether he has satisfied the oath requirement of Article 11.14(5), V.A.C.C.P. Article 11.14 sets out the procedural requirements for applications for writs of habeas corpus. Section five states, "Oath must be made that the allegations are true, according to the belief of the petitioner." Pursuant to V.T.C.A. Civ. Prac. & Rem.Code § 132.001, inmates may make an unsworn declaration in lieu of any oath required by

statute. An unsworn declaration must be written and "subscribed by the person making the declaration as true under penalty of perjury." V.T.C.A. Civ. Prac. & Rem.Code § 132.002. Section 132.003 of the Civil Practice and Remedies Code, entitled "Form of Declaration" provides, "The form of a declaration under this chapter must be substantially as follows:

> "I, (insert name and inmate identifying number from the Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name and or county jail name) in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)."

Since applicant has not signed his declaration, he has not satisfied the requisites of § 132.001. et seq. and has not made an oath as required by Article 11.14(5).

■ We must now determine the proper disposition of an unsworn petition. In the past, we have denied relief in some cases and dismissed in others. See, e.g, *Ex parte Jackson,* 616 S.W.2d 625 (Tex.Crim.App.1981) (denied); *Ex parte Kanaziz,* 423 S.W.2d 319 (Tex.Crim.App.1968) (dismissed); *Ex parte Eiland,* 420 S.W.2d 955 (Tex.Crim.App.1967) (denied without prejudice); *Ex parte Young,* 418 S.W.2d 824 (Tex.Crim.App.1967)(denied without prejudice). A dismissal means the merits of the document were not considered. *Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim. App.1997). Dismissal must occur when a court lacks jurisdiction over the case. See, e.g., *Ex parte Rawlinson,* 958 S.W.2d 198 (Tex.Crim.App.1997)(subsequent habeas corpus application dismissed for lack of jurisdiction under Art. 11.07, § 4 ); *Ex parte Renier,* 734 S.W.2d 349 (Tex.Crim. App.1987) (habeas corpus application dismissed; no jurisdiction over non-revoked probation); *Ex parte Lockett,* 956 S.W.2d

41 (Tex.Crim.App.1997) (habeas corpus application dismissed, no jurisdiction over drug tax). Dismissal does not always mean jurisdiction is lacking. See *Torres,* 943 S.W.2d at 472. We hold that Article 11.14 does not limit habeas corpus jurisdiction.

■ The Legislature may define, expand, or limit this Court's original writ jurisdiction. *Ex parte Davis,* 947 S.W.2d 216, 221–223 (Tex.Crim.App.1996) (McCormick, P.J., concurring, joined by White, Meyers, Mansfield, and Keller, JJ.). Our subject matter jurisdiction is defined in Article 11.07, § 3(a), which states, "After final conviction in any felony case, the writ must be returnable to the Court of Criminal Appeals of Texas at Austin, Texas." Therefore, § 3 vests this Court with habeas jurisdiction over all final felony convictions. However, in *Davis,* we recognized that by enacting Article 11.071, § 5, the Legislature intended to limit our jurisdiction over subsequent applications in death penalty cases, and we noted that in Article 11.07, § 4, the Legislature adopted a similar restriction on subsequent applications in non-death penalty cases. *Id.* at 220. Article 11.07, § 4, provides, "A court may not consider the merits of or grant relief" based on a subsequent application filed after final disposition of an initial application challenging the same conviction.

Therefore, § 3 of the statute defines our subject matter jurisdiction as final felony convictions, and § 4 explicitly limits our jurisdiction to initial applications challenging final felony convictions, or subsequent applications which meet the exceptions of Art. 11.07, § 4(a)(1 ) or (2). In contrast, nothing in Article 11.14 indicates it was intended to limit the jurisdiction of this Court to consider an application not in compliance with the oath requirement[1] or any of its other requisites, such as the

---

1. Because a former version of Art. 11.07 had its own oath requirement, we held in *Ex parte Brooks,* 637 S.W.2d 955 (Tex.Crim.App.1982), that Art. 11.14(5) did not apply to habeas corpus applications challenging final felony convictions. See *Ex parte Johnson,* 811 S.W.2d 93 (Tex.Crim.App.1991).

prayer. See Art. 11.14(4). It is worded as a pleading requirement and does not contain words of prohibition such as the language found in section four of Article 11.07.

■ Had the Legislature intended the requirements of Article 11.14 to be jurisdictional, the drafters would have made that intent clear as they did in Article 11.07. Instead, Article 11.14 simply sets out procedural requirements for habeas corpus petitions. Although the instant application is not properly verified, we are not jurisdictionally barred from considering the merits of the issues raised. Under the peculiar circumstances of this case, we choose to address the merits and grant relief.[2]

■ The trial court has entered findings of fact and conclusions of law. Specifically, the trial court finds that applicant was released on mandatory supervision for these offenses, but a pre-revocation warrant was issued, and applicant is was incarcerated on the warrant from August 18, 1997, until April 27, 1998, when his mandatory supervision was revoked. The trial court's fact findings are supported by the State's response, which it has documented with the affidavit of an official from the Texas Department of Criminal Justice.

Under *Ex parte Canada*, 754 S.W.2d 660 (Tex.Crim.App.1988), applicant is entitled to relief.

Relief is granted. Applicant's sentences are ordered credited from August 18, 1997, until April 27, 1998. All other relief sought is denied. Copies of this opinion shall be delivered to the Texas Department of Criminal Justice, Institutional Division.

WOMACK, J., delivered a concurring opinion in which McCORMICK, P.J., and KELLER and HOLLAND, JJ., joined.

WOMACK, J., filed a concurring opinion in which McCORMICK, P.J., KELLER, and HOLLAND, JJ., joined.

I agree with the decision of the Court, but not with its discussion of the effect of Article 11.07 on the jurisdiction of this Court. That question is not implicated by this case.

"Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus ...." Texas Constitution, Article V, § 5. The Constitution provides, or permits the law to give, such power also to other courts of the state.[1] The district courts

2. When an applicant makes sworn allegations of fact which, if true, would entitle him to relief, we often remand the cause to the trial court to allow the applicant to prove his allegations through affidavits or an evidentiary hearing. See, *e.g., Ex parte Thomas*, 953 S.W.2d 286 (Tex.Crim.App.1997). An applicant's failure to swear to the truth of the facts alleged in his petition deprives him of the opportunity to prove those allegations. In this case, due to the efforts of the trial court and the State, there is adequate proof in the record to enable this Court to address applicant's claim on the merits.

In addition, we want it made clear that our holding today should not be interpreted as granting future habeas applicants *carte blanche* to ignore applicable pleading requirements. Our willingness in this case to address the merits of applicant's claim is grounded on the particular facts of this case: first, the State has not moved to dismiss applicant's application on the ground it is un-

sworn; second, the State concedes applicant is entitled to relief; third, the trial court has made relevant fact-findings; and fourth, there is adequate proof in the record to support applicant's claim.

1. *See* TEX. CONST. art. V, § 3 ("The Supreme Court and the Justices thereof shall have power to issue writs of habeas corpus, as may be prescribed by law"); *id.*, art. V, § 6 ("[Courts of Appeals] shall have such other jurisdiction, original and appellate, as may be prescribed by law"); *id.*, art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body"); *id.*, art. V, § 16 ("The County Court has jurisdiction as provided by law"); *id.*, art. V, § 19 ("Justice of the peace courts shall have ... such other jurisdiction as

and the county courts, and their judges, are given the power to issue the writ of habeas corpus by Article 11.05 of the Code of Criminal Procedure. Almost all the articles in Chapter 11 of the Code of Criminal Procedure contain definitions and procedures which are applicable to all the courts which have the power to issue the writ of habeas corpus.[2] Article 11.64 makes this clear by saying, "This Chapter applies to all cases of habeas corpus for the enlargement of persons illegally held in custody or in any manner restrained in their personal liberty, for the admission of prisoners to bail, and for the discharge of prisoners before indictment upon a hearing of their testimony."

Among the procedural statutes is Article 11.14, which is captioned, "Requisites of petition." Subdivision 5 of Article 11.14 requires, "Oath must be made that the allegations of the petition are true, according to the belief of the petitioner."

I agree with the Court that the failure to meet requirement of an oath does not deprive a court or a judge of the habeas corpus power. A court or judge may exercise that power in the complete absence of a petition.

We are well aware that a motion for writ of habeas corpus is not always required to activate the constitutional and statutory power of a district or county court judge to issue the writ. For example, Articles 11.16[3] and 11.17,[4] V.A.C.C.P. authorize a judge, if within his jurisdictional power, to issue the writ on his own motion, to take the initiative in order to examine situations in which he "has knowledge" of illegal confinement or restraint or either is made to "appear( ) by satisfactory evidence" along with certain specified other factors.

*Ex parte Chapman,* 601 S.W.2d 380, 383 n. 6 (Tex.Cr.App.1980) (footnotes added). We must, *a fortiori,* conclude that a failure to comply with a formal requirement for a habeas corpus petition does not deprive a court of jurisdiction.

Therefore the question is, whether a court or judge should exercise the habeas corpus power upon the presentation of a defective petition?

In this case the State did not move to dismiss the petition, the district court conducted fact-finding proceedings, and the record contains sworn proof from a credible source to support the grant of relief. I agree that this was an appropriate exercise of the habeas corpus power. If any of these factors were different, the answer might be different.

I concur in the judgment granting habeas corpus relief.

---

may be provided by law"); *id.,* art. V, § 1 ("The judicial power of this State shall be vested in ... such other courts as may be provided by law").

**2.** See Tex.Code Crim. Proc. arts 11.01–.06; 11.07, § 2; 11.08–.64.

**3.** "A judge of the district or county court who has knowledge that any person is illegally confined or restrained in his liberty within his district or county may, if the case be one within his jurisdiction, issue the writ of habeas corpus, without any motion being made for the same." Tex.Code Crim. Proc. art. 11.16.

**4.** "Whenever it appears by satisfactory evidence to any judge authorized to issue such writ that any one is held in illegal confinement or custody, and there is good reason to believe that he will be carried out of the State, or suffer some irreparable injury before he can obtain relief in the usual course of law, or whenever the writ of habeas corpus has been issued and disregarded, the said judge may issue a warrant to any peace officer, or to any person specially named by said judge, directing him to take and bring such person before such judge, to be dealt with according to law." Tex.Code Crim. Proc. art. 11.17,