IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR 59,201-01 and -02






EX PARTE RICHARD VASQUEZ








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 98-CR-0730-E(1) IN THE 148
TH JUDICIAL DISTRICT COURT


NUECES COUNTY





Per Curiam. 



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Tex. Code Crim. Proc.

 On June 22, 1999, applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim.
Proc., and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Vasquez v. State, No. 73,461 (Tex.
Crim. App. Oct. 3, 2001)(not designated for publication).



 Applicant presents thirteen allegations in his application in which he challenges
the validity of his conviction and resulting sentence. (1) An evidentiary hearing was held,
and the trial judge entered findings of fact and conclusions of law. The trial court
recommended that relief be denied. 

 This Court has reviewed the record with respect to the allegations made by
applicant. We adopt the trial judge's findings and conclusions. Based upon the trial
court's findings and conclusions and our own review, the relief sought is denied.

 This Court has also reviewed a document entitled "Amended and Suppl[e]mental
Application for Writ of Habeas Corpus Seeking Relief from Conviction and Death
Penalty and Request for an Evidentiary Hearing." Because applicant filed this document
after the deadline provided for an initial application for habeas corpus and because he
presents a new allegation in it, we find it to be a subsequent application. (2) See Art.
11.071. We further find that the document fails to meet one of the exceptions provided 



for in Section 5 of Article 11.071 and, thus, have no authority to do anything other than
dismiss this subsequent application as an abuse of the writ. 

 IT IS SO ORDERED THIS THE 26TH DAY OF JANUARY, 2004.


Do Not Publish
1. Applicant fails to include in his application a prayer and an oath swearing to the truth of
the facts alleged in his application. Although this omission is not jurisdictional, it does deprive
applicant of the opportunity to prove his allegations. Ex parte Golden, 991 S.W.2d 859, 862 n.2
(Tex. Crim. App. 1999). In this case, due to the efforts of the trial court and the State, there is
adequate proof in the record to enable this Court to address applicant's claims.
2. Applicant likewise fails to include in this subsequent application a prayer and an oath
swearing to the truth of the facts he alleges.