IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,996






EX PARTE BRIAN KEITH OWENS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TYLER COUNTY






 Keller, P.J., filed a dissenting opinion.



 In footnote 38, the Court says that applicant has pled sufficient facts to establish, in
accordance with the prejudice requirement of Ex parte Crow, that he would have filed a petition for
discretionary review had he been timely informed of his right to do so (1) because his newly- appointed
counsel "filed a supplement to the writ application in which he expressly alleged that the applicant
would have filed a petition for discretionary review . . . ." (2) But that supplement was signed only by
the attorney and was not verified. In Ex parte Golden, we explained that, while the absence of
verification is not jurisdictional, relief should be denied where the record does not otherwise
substantiate the unsworn allegation. (3) And in the absence of sufficient pleadings, we need not and
should not remand for further proceedings: "An applicant's failure to swear to the truth of the facts
alleged in his petition deprives him of the opportunity to prove those allegations." (4) Nothing in the
habeas record substantiates the unsworn allegation contained in the supplement. Applicant could
have made a sworn allegation that he would have filed a PDR upon being informed of his right to
do so if, in fact, that allegation were true. He did not, and thus, he is not entitled to relief.

 I respectfully dissent.

Date filed: September 13, 2006

Publish


 
1. 180 S.W.3d 135, 138 (Tex. Crim. App. 2005).
2. Court's op. at 12, n. 38.
3. 991 S.W.2d 859, 862 n. 2 (Tex. Crim. App. 1999).
4. Id.