IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,663






EX PARTE MICHAEL W. MORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 86-452-K IN THE 26TH JUDICIAL DISTRICT COURT 


 FROM WILLIAMSON COUNTY





 Per curiam. Womack, J. not participating. Womack, J. statement filed.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. Morton v.
State, 761 S.W.2d 876 (Tex. App.-Austin 1988). 

 This application for writ of habeas corpus is non-compliant with the appellate rules because
it contains more than one ground per page. Tex. R. App. P. 73.1. However, because it is apparent
from the face of the record that Applicant is entitled to relief, the State has not moved to dismiss the
application as non-compliant, and the State agrees with the recommendation to grant relief, this
Court will exercise our inherent jurisdiction in this matter and address the application on its merits. 
Ex parte Golden, 991 S.W.2d 859 (Tex. Crim. App. 1999).

 Applicant contends that he has newly discovered evidence that he is actually innocent of this
offense. The trial court has determined that no rational jury would have convicted Applicant in light
of the new evidence, which was previously unavailable to Applicant. The evidence, obtained
pursuant to post-conviction DNA testing and investigation, indicates that there may have been
another individual, and not Applicant, who committed this offense. After an independent review of
the record, we determine that Applicant is entitled to relief on his actual innocence claim. Ex parte
Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). 

 Relief is granted. The judgment in Cause No. 86-452-K in the 26th Judicial District Court of
Williamson County is set aside, and Applicant is remanded to the custody of the Sheriff of
Williamson County to answer the charge against him. The trial court shall issue any necessary bench
warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Parole Division.


Delivered: October 12, 2011

Do Not Publish