

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,663

### EX PARTE MICHAEL W. MORTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 86-452-K IN THE 26TH JUDICIAL DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam. Womack, J. not participating. Womack, J. statement filed.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. *Morton v. State*, 761 S.W.2d 876 (Tex. App.–Austin 1988).

This application for writ of habeas corpus is non-compliant with the appellate rules because it contains more than one ground per page. TEX. R. APP. P. 73.1. However, because it is apparent from the face of the record that Applicant is entitled to relief, the State has not moved to dismiss the

application as non-compliant, and the State agrees with the recommendation to grant relief, this Court will exercise our inherent jurisdiction in this matter and address the application on its merits. *Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

Applicant contends that he has newly discovered evidence that he is actually innocent of this offense. The trial court has determined that no rational jury would have convicted Applicant in light of the new evidence, which was previously unavailable to Applicant. The evidence, obtained pursuant to post-conviction DNA testing and investigation, indicates that there may have been another individual, and not Applicant, who committed this offense. After an independent review of the record, we determine that Applicant is entitled to relief on his actual innocence claim. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996).

Relief is granted. The judgment in Cause No. 86-452-K in the 26th Judicial District Court of Williamson County is set aside, and Applicant is remanded to the custody of the Sheriff of Williamson County to answer the charge against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.

Delivered: October 12, 2011
Do Not Publish