

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,678

**EX PARTE LARRY SIMS Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-86-98846-VJ
### IN THE CRIMINAL DISTRICT COURT NUMBER THREE
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Sims v. State*, No. 05-86-01082-CR (Tex. App.–Dallas Aug. 4, 1987).

This application for writ of habeas corpus is non-compliant with the appellate rules because it contains more than one ground per page. TEX. R. APP. P. 73.1. However, because it is apparent

from the face of the record that Applicant is entitled to relief, the State has not moved to dismiss the application as non-compliant, and the State agrees with the recommendation to grant relief, this Court will exercise our inherent jurisdiction in this matter and address the application on its merits. *Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

Applicant contends, *inter alia*, that the prosecution withheld favorable material evidence from the defense prior to trial. The State agrees that it had in its possession prior to trial a lab report indicating that biological evidence was obtained pursuant to a medical examination on the night of the incident. At trial, the State represented that no biological evidence existed in this case. Pursuant to post-conviction DNA testing, Applicant was excluded as a contributor to that biological evidence. The trial court urges this Court to grant relief and all parties agree. Applicant is entitled to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993).

Relief is granted. The judgment in Cause No. F-86-98846-VJ in the Criminal District Court Number Three from Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: November 9, 2011
Do Not Publish