IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,757






EX PARTE TOBARIS TORRELL ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 132753901010 IN THE 183RD DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less
than one gram of cocaine and sentenced to seven months' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary and that he is actually innocent because
newly available evidence shows he did not possess a controlled substance. The State agrees that
Applicant is entitled to relief.

 It appears that Applicant's writ application is non-compliant with the Rules of Appellate
Procedure because it does not allege the facts in support of his ground for relief in the appropriate
place and alleges multifarious legal grounds for relief in the same ground. Tex. R. App. P. 73.1(c).
In the past, this Court has reached the merits of a non-compliant application because the State did
not move to dismiss the application and conceded the applicant was entitled to relief, the trial court
made relevant findings of fact, and there was adequate proof in the record to support the claim. Ex
parte Golden, 991 S.W.2d 859, 862 n.2 (Tex. Crim. App. 1999). All of the Golden factors are
present in this case. Accordingly, the Court will address the merits of the application. 

 Laboratory testing conducted after Applicant's conviction shows that the substance he
possessed was not a controlled substance. The trial court has determined that the Applicant has
proven by clear and convincing evidence that no reasonable juror would have convicted him in light
of the new evidence. Based on the trial court's findings and conclusions and our own review of the
entire record, we find that Applicant is entitled to relief. Ex parte Tuley, 109 S.W.3d 388, 392 (Tex.
Crim. App. 2002) (citing Ex parte Elizondo, 947 S.W.2d 202, 207 (Tex. Crim. App. 1996)). 

 Relief is granted. The judgment in Cause Number 132753901010 in the 183rd Judicial District
Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris
County to answer the charges as set out in the indictment. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 

Delivered: March 28, 2012

Do Not Publish