

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,757

### EX PARTE TOBARIS TORRELL ROBINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 132753901010 IN THE 183RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less than one gram of cocaine and sentenced to seven months' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary and that he is actually innocent because newly available evidence shows he did not possess a controlled substance. The State agrees that Applicant is entitled to relief.

It appears that Applicant's writ application is non-compliant with the Rules of Appellate Procedure because it does not allege the facts in support of his ground for relief in the appropriate place and alleges multifarious legal grounds for relief in the same ground. TEX. R. APP. P. 73.1(c). In the past, this Court has reached the merits of a non-compliant application because the State did not move to dismiss the application and conceded the applicant was entitled to relief, the trial court made relevant findings of fact, and there was adequate proof in the record to support the claim. *Ex parte Golden*, 991 S.W.2d 859, 862 n.2 (Tex. Crim. App. 1999). All of the *Golden* factors are present in this case. Accordingly, the Court will address the merits of the application.

Laboratory testing conducted after Applicant's conviction shows that the substance he possessed was not a controlled substance. The trial court has determined that the Applicant has proven by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence. Based on the trial court's findings and conclusions and our own review of the entire record, we find that Applicant is entitled to relief. *Ex parte Tuley*, 109 S.W.3d 388, 392 (Tex. Crim. App. 2002) (citing *Ex parte Elizondo*, 947 S.W.2d 202, 207 (Tex. Crim. App. 1996)).

Relief is granted. The judgment in Cause Number 132753901010 in the 183rd Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 28, 2012
Do Not Publish