

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,540-01

**EX PARTE LINDA MARIE McKUSICK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1415839-A IN THE 183RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possessing a controlled substance and was sentenced to imprisonment. There was no direct appeal.

Applicant was arrested in Webster, Texas, for possessing methamphetamine. The arresting officer reported that the substance had a weight of approximately 3.5 grams. Applicant was therefore indicted for possessing 1-4 grams of methamphetamine, which is a third-degree felony. TEX. CONTROLLED SUBS. ACT §§ 481.102(6), 481.115(a), (c). She pled guilty under a plea agreement for three years in prison.

At the time of Applicant's plea, no laboratory analysis had been performed on the substance. Later analysis showed that the substance was methamphetamine but that its weight was far from the 3.5 grams reported by the arresting officer. The true weight was 0.039 grams. Possessing this quantity of methamphetamine does not constitute a third-degree felony, but it is a state-jail felony. TEX. CONTROLLED SUBS. ACT §§ 481.102(6), 481.115(a), (b).

Applicant, through habeas counsel, alleges that her plea was not voluntary: "My plea was not knowing and voluntary because I did not know that the evidence I was charged with possessing did not contain cocaine. If I had known this, I would not have entered a guilty plea." A review of the record does not show that Applicant's prosecution had anything to do with cocaine. Nonetheless, the trial court finds, with the State's assent, "Based on the discrepancies in the actual amount of controlled substance possessed by the applicant versus the amount necessary to support a conviction for the charged offense and the applicant's understanding concerning the relevant ranges of punishment, the applicant's plea was not knowingly and voluntarily entered." The trial court's finding is supported by the record.

Relief is granted. *See*, *e.g.*, *Ex parte Golden*, 991 S.W.2d 859, 862 n. 2 (Tex. Crim. App. 1999). The judgment in Cause No. 1415839-01010 in the 183rd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 17, 2014
Do not publish