

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,273-01

### EX PARTE JESUS MARTIN VELA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR 44,218-A IN THE 441ST DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful possession of a firearm and sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent and that his plea was involuntary because he did not possess a firearm. The State agrees that he is entitled to relief.

It appears that Applicant's writ application is non-compliant with the Rules of Appellate

Procedure because it is presented on a modified form and includes different grounds for relief on the same page. TEX. R. APP. P. 73.1(a). In the past, this Court has reached the merits of a non-compliant application because the State did not move to dismiss the application and conceded the applicant was entitled to relief, the trial court made relevant findings of fact, and there was adequate proof in the record to support the claim. *Ex parte Golden*, 991 S.W.2d 859, 862 n.2 (Tex. Crim. App. 1999). All of the *Golden* factors are present in this case. Accordingly, the Court will address the merits of the application.

The trial court found that Applicant is actually innocent and that his plea was involuntary. Based on this Court's independent review of the record, we agree that Applicant is entitled to relief because his guilty plea was involuntary, but disagree that he has shown he is actually innocent. Applicant neither alleges nor proves that the information about the status of the alleged firearm was not known to him at the time of trial and could not be known with the exercise of due diligence. *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). The habeas court's findings that the actual innocence claim is supported by newly discovered evidence is not supported by the record and we conclude Applicant has not met his burden to prove he is actually innocent. However, we agree that information showing that the gun was not a "firearm" caused Applicant's guilty plea to be involuntary. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. CR44218 in the 441st District Court of Midland County is set aside, and Applicant is remanded to the custody of the Sheriff of Midland County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional

Institutions Division and Pardons and Paroles Division.


Delivered:  January 13, 2016
Do not publish