

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-84,802-01

### EX PARTE JASON CLAY DOTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012CR10439-W1 IN THE 379th DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.  **Yeary, J., not participating.**

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated sexual assault and sentenced to forty-five years' imprisonment.  The Fourth Court of Appeals affirmed his conviction. *Dotson v. State*, No. 04-14-00285-CR (Tex. App.—San Antonio July 15, 2015) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to file a *pro se* petition for discretionary review.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to advise Applicant of his right to file a *pro se* petition for discretionary review. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Fourth Court of Appeals in Cause No. 04-14-00285-CR that affirmed his conviction in Cause No. 2012CR10439 from the 379th District Court of Bexar County.[1] Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: April 27, 2016
Do not publish

---

[1] We would note that this application does not comply with the Texas Rules of Appellate Procedure. Specifically, habeas counsel has not attached a certificate of compliance to his memorandum as required by TEX. R. APP. P. 73.1(f). However, because the record in this case is clear, we will exercise our jurisdiction and grant relief. *See Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).