

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-85,386-01

**EX PARTE ERIKA RAY BEJARAN, Applicant**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 19637A IN THE 2ND DISTRICT COURT
FROM CHEROKEE COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault with a deadly weapon, and was sentenced to ten years' imprisonment. She did not appeal her conviction.

In this application, filed on Applicant's behalf by the same attorney who represented her at trial[1], Applicant contends that trial counsel was ineffective. Applicant pleaded guilty pursuant to a

---

[1]As the trial court notes in its findings of fact, this application does not comply with Texas Rules of Appellate Procedure 73.1 and 73.2 because it was not filed on the form

plea agreement, a condition of which was that the State agreed not to oppose "shock" probation under Article 42.12 §6 of the Texas Code of Criminal Procedure if Applicant maintained a clean record while she was in prison. Applicant alleges and the trial court finds that Applicant would not have pleaded guilty but for this condition of the agreement. However, Applicant alleges that trial counsel ineffectively failed to file a motion to impose community supervision under Article 42.12 §6, and although trial counsel obtained a hearing date for the trial court to consider granting "shock" probation, that date was more than 180 days from the date of the execution of Applicant's sentence, causing the trial court to lose jurisdiction.

The trial court finds that the State agrees that Applicant is entitled to relief in this case, and concludes that trial counsel was ineffective in both failing to file an application for community supervision and failing to obtain a hearing within 180 days. However, none of the parties appear to acknowledge that Applicant is not eligible for "shock" probation under Article 42.12 §6, because she pleaded guilty to aggravated assault with a deadly weapon, with an affirmative deadly weapon finding entered on the judgment. Under Article 42.12 §3g(a)(2) of the Texas Code of Criminal Procedure, an affirmative deadly weapon finding renders a defendant ineligible for judge-ordered community supervision, and under Article 42.12 §6(a)(1), a defendant must be "otherwise eligible for community supervision under this article" in order to receive "shock" probation. Even if trial counsel had filed a motion for "shock" probation and obtained a timely hearing date, the trial court could not have granted Applicant "shock" probation.

Nevertheless, the trial court's findings that the State's agreement not to oppose "shock"

---

prescribed by Texas Code of Criminal Procedure article 11.07. Nevertheless, because Applicant demonstrates that she is entitled to relief, this Court will address the merits of her claims. *See Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

probation was a deciding factor in Applicant's decision to accept the plea agreement, and that Applicant would not have pleaded guilty but for this condition are sufficient to show that Applicant's plea was not knowingly and voluntarily entered. Furthermore, trial counsel was ineffective for allowing Applicant to plead guilty under the mistaken belief that she would be eligible for "shock" probation under this agreement.

Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). Relief is granted. The judgment in Cause No. 19637 in the 2nd District Court of Cherokee County is set aside, and Applicant is remanded to the custody of the Sheriff of Cherokee County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 24, 2016
Do not publish