

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,922-01

### EX PARTE WILLIE JEFFERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2016-0180-A IN THE 217TH DISTRICT COURT
### FROM ANGELINA COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to one count of engaging in organized criminal activity and two counts of burglary of a habitation. He was sentenced to thirty years' imprisonment on the engaging in organized criminal activity count and twenty years' imprisonment for the burglaries. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application is filed on an old form which lists multiple grounds on a single page and is therefore non-compliant. *See* TEX. R. APP. P. 73.2. However, the trial court recommends granting relief and the State is not on the record opposing relief, therefore this Court will not dismiss the application at this time. *See Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

Applicant contends that his plea was involuntary because trial counsel improperly advised him that he would be eligible for parole after two to three years, when he would have to serve one-half of his sentence before being eligible for release. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Ex parte Moussazadeh*, 361 S.W.3d 684, 690 (Tex. Crim. App. 2012). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that the trial court previously held a hearing on October 24, 2019. The reporter's record from that hearing is not included in the habeas record sent to this Court. The trial court shall supplement the record with the reporter's record from that habeas hearing. If trial counsel did not respond to Applicant's allegations during that hearing, then the trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The trial court shall make supplemental findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim. The trial court shall also supplement the record with any plea papers, docket sheets, or supplemental information from the trial court's file which was not previously included in the habeas record. *See* TEX. R. APP. P. 73.4(b)(4).

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 26, 2020
Do not publish