

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,165-01

### EX PARTE GLORIA ELENA MELTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-80274A-CC2-F
### IN THE COUNTY COURT AT LAW NO. 2 DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of driving while intoxicated and sentenced to sixty years' imprisonment. She filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that she was denied her right to an appeal because counsel failed to timely file a notice of appeal. This application is not on the proper habeas form and is therefore non-compliant. However, based on the record, the trial court has found that counsel failed to timely file a notice of appeal, therefore we will address the claim on the merits instead of dismissing the application. *Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of her conviction in cause number 17-80274-CC2-F from the County Court at Law No. 2 District Court of Kaufman County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, she must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     May 6, 2020

Do not publish