

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,256-01

### EX PARTE FORREST HOBSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 19F0701-005 IN THE 5TH DISTRICT COURT FROM BOWIE COUNTY

*Per curiam. Yeary, J., filed a concurring opinion.*

### **O P I N I O N**

Applicant pled guilty to possessing a controlled substance and was sentenced, under a plea agreement, to eight years' imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus. Applicant contends that he is actually innocent because lab testing showed the material he possessed was not a controlled substance.

The habeas application is not compliant because it is not on the proper form as required by Rule 73.1(a) of the Texas Rule of Appellate Procedure. Even so, this Court will not dismiss the habeas application for non-compliance. *See Ex parte Golden*, 991 S.W.2d 859 (1999).

The trial court finds that "the exculpatory evidence submitted by the State and Defense showed that Defendant is actually innocent of the charged offense because he was not in possession

of a controlled substance as charged in the Indictment." The trial court recommends that this Court grant habeas relief based on actual innocence.

Relief is granted. However, relief is based on the involuntariness of Applicant's guilty plea and not actual innocence because the lab testing results do not demonstrate actual innocence. *See Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014) ("'actual innocence' applies only in circumstances where the accused did not actually commit the charged offense or any possible lesser included offenses" but because "all parties involved, including the defendant, incorrectly believed the defendant had been in possession of drugs" relief is warranted on the basis of an involuntary plea of guilt).

The judgment in cause number 19F0701-005 in the 5th District Court of Bowie County is set aside, and Applicant is remanded to the custody of the Sheriff of Bowie County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: March 31, 2021
Do not publish