**DISSENT and Opinion Filed December 28, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00839-CR**

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**IQBAL JIVANI, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC23-R0001-D**

## DISSENTING OPINION FROM DENIAL OF EN BANC CONSIDERATION

by Justice Goldstein

The State appeals the county criminal court of appeals' (CCCA) judgment affirming the judgment of the municipal court of record quashing the complaint against appellee, Iqbal Jivani. The panel questions and finds that this Court lacks jurisdiction over the appeal, summarily dismissing this cause for want of jurisdiction under this Court's precedent in *State v. Villa*, 673 S.W.3d 43 (Tex. App.—Dallas 2023, pet. filed). I requested that the Court consider this issue en banc, which it refused to do. For the reasons I stated in *Villa*, I disagree and respectfully dissent. *See Villa*, 673 S.W.3d at 50 (Goldstein, J., dissenting); *see also O'Connor v. First*

*Court of Appeals*, 837 S.W.2d 94, 96 (Tex. 1992) ("[W]hen a court of appeals votes against hearing a case en banc, any member of the court is entitled to file a dissent, regardless of whether the judge was on the original panel deciding the case.").

I write, not to belabor or reiterate my dissent in *Villa*, but rather, merely to highlight the perpetuation and exacerbation of the analytical infirmities prevalent in *Villa*, as well as *Pugh*, the opinion on which the *Villa* majority relied. *See State v. Pugh*, No. 02-21-00108-CR, 2022 WL 1793518, at *6 (Tex. App.—Fort Worth June 2, 2022, no pet.) (mem. op., not designated for publication). The Code of Criminal Procedure, Article 44.01, provides in part that:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
> > (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint; [or]
> >
> > . . .
> >
> > (3) grants a new trial;

TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1), (3). *Villa* and *Pugh* involved the State's appeal under subsection (a)(3). *Villa*, 673 S.W.3d at 44; *Pugh*, 2022 WL 1793518, at *1. Here, the CCCA affirmed the municipal court's judgment quashing the complaint and dismissing the charges, thus invoking the State's right of appeal under subsection (a)(1). The panel concludes that Article 44.01 is trumped by Chapter 30 of the Government Code. I disagree. When, as here, the CCCA affirms the judgment of the municipal court of record quashing the complaint and dismissing

–2–

the charges, the State may appeal that decision pursuant to § 30.00014 because § 30.00014 provides that the "state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure" and Article 44.01 provides that the State may appeal the dismissal of a complaint. TEX. GOV'T CODE ANN. § 30.00014; *see also Villa*, 673 S.W.3d at 55 (Goldstein, J., dissenting).

What sets this case apart from *Villa* and *Pugh* is the panel's interpretation and thus its determination that the CCCA may make a final, non-appealable ruling establishing the *facial unconstitutionality* of a municipal ordinance. The panel concludes that when a county criminal court of appeals, a court of limited appellate jurisdiction, affirms the municipal court's quashing of the complaint, this Court, as the constitutional appellate court, lacks jurisdiction over the appeal. The panel reasons that "when the State appealed the dismissal of the complaint to the county criminal court of appeals, it received its appeal under article 44.01." In other words, the panel specifically determines that the State's right of appeal was exhausted, not just as a practical matter but as a clear demarcation, precluding, without equivocation, appellate review by the intermediate appellate courts or the Texas Court of Criminal Appeals. The panel thus abdicates its appellate jurisdiction and once again makes the CCCA the appellate court of last resort in criminal cases originating in a municipal court of record.

The State argues that interpreting Chapter 30 of the Government Code to preclude appellate review of a CCCA decision to uphold a municipal court of record

ruling that strikes down as facially unconstitutional a municipal ordinance would lead to absurd results. The panel rejects this argument, holding that even if the result is inequitable, it is not absurd. I disagree. The Texas Constitution provides that:

> The Court of Criminal Appeals shall have *final appellate jurisdiction* coextensive with the limits of the state, and its determinations shall be final, *in all criminal cases of whatever grade*, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law.

TEX. CONST. art. V § 5(a) (emphasis added). Although this provision authorizes the Legislature to limit appellate jurisdiction in some contexts, such a limitation must be expressly stated. *See id.*; *Ex parte Golden*, 991 S.W.2d 859, 862 (Tex. Crim. App. 1999) (where Legislature intends a statute to be jurisdictional, it makes that intent clear). In contrast, the panel's opinion construes Chapter 30 of the Government Code as an *implicit* limitation of jurisdiction, thus imbuing the CCCA with final authority to determine the facial constitutionality of, and as a practical matter strike down, a municipal ordinance. Such a regime allows for a particular ordinance enacted in substantially the same form by two different Texas cities to be ruled constitutional in one and unconstitutional in the other, with no recourse to, or review by, constitutional appellate courts. This is an absurd result that runs contrary to what the People of Texas intended when they adopted Article V, Section 5(a) of the Constitution and vested the court of criminal appeals with final appellate jurisdiction in all criminal cases.

The State has filed a petition for discretionary review in *Villa*, supported by two amicus curiae briefs, all of which aptly set forth the issues relative to the scope of jurisdiction of the intermediate appellate courts and the Texas Court of Criminal Appeals as it relates to municipal courts of record.[1] The Texas Court of Criminal Appeals has before it the opportunity to provide clarity and guidance in this important, unique, and unprecedented jurisdictional conundrum of constitutional magnitude. Alternatively, I would once again invite the Legislature to revisit the issue of the State's right to appeal and whether it intended to expressly divest the intermediate courts of appeal or the Texas Court of Criminal Appeals of jurisdiction in this context.

## CONCLUSION

I would grant en banc consideration and conclude that we have jurisdiction over this appeal. Because the Court fails to do so, I respectfully dissent.

/Bonnie Lee Goldstein/

Publish

BONNIE LEE GOLDSTEIN

TEX. R. APP. P. 47.2(b)

JUSTICE

230839DF.P05

---

[1] State's Pet. for Discretionary Rev., *State v. Villa*, No. PD-056-23 (Tex. Crim. App. filed Oct. 24, 2023); Br. for City of Plano as *Amicus Curiae* Supporting Petitioner, *State v. Villa*, No. PD-056-23 (Tex. Crim. App. filed Nov. 8, 2023); Br. for Tex. Mun. Cts. Educ. Ctr. as *Amicus Curiae* Supporting Petitioner, *State v. Villa*, No. PD-056-23 (Tex. Crim. App. filed Nov. 26, 2023). On December 13, 2023, the court of criminal appeals struck the State's petition for discretionary review for noncompliance with Texas Rule of Appellate Procedure 68.6 and provided the State thirty days to redraw its petition. *See State v. Villa*, No. PD-0756-23, 2023 WL 8613846, at *1 (Tex. Crim. App. Dec. 13, 2023). As of the date of this opinion, the State has not yet redrawn its petition.