

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,704-01

### EX PARTE VALORIE NATAVIA FUNK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11821 IN THE 8TH DISTRICT COURT
### RAINS COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to burglary of a habitation and was originally placed on deferred adjudication. Later, she was adjudicated guilty and sentenced to ten years' imprisonment. She filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application is non-compliant because it is not properly verified with either (1) a "wet" signature, especially if the signing is done before a notary; or (2) a digital signature which is verified through encryption technology to ensure the identity of the person and the authenticity of the document. This Court is choosing to ignore the compliancy issue because Applicant is entitled to relief. *Ex parte Golden*, 991 S.W.2d 859 (Tex. Crim. App. 1999).

Applicant contends that she was denied her right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of her conviction in cause number 6015 from the 8th District Court of Rains County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her on direct appeal. Should Applicant decide to appeal, she must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 17, 2025
Do not publish