**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00148-CR**
_____

**IN RE REBEL HAYZ BREAUX**

_____

**Original Proceeding**
**163rd District Court of Orange County, Texas**
**Trial Cause No. 250302-C**
_____

**MEMORANDUM OPINION**

Relator Rebel Hayz Breaux petitions for a writ of mandamus to compel the trial court to vacate its order denying an application for a writ of habeas corpus, issue a writ of habeas corpus pursuant to article 11.09 of the Texas Code of Criminal Procedure, rule on Breaux's motion for appointment of counsel, and hold an evidentiary hearing. We conditionally grant partial relief, as explained below.

On August 19, 2024, in Cause Number 240284-R in the 163rd District Court, Breaux pleaded guilty and was convicted of a lesser included offense of Assault Family Violence. In March 2025, Breaux filed an application for a writ of habeas corpus that the District Clerk filed as Cause Number 240284-R. The trial court

1

denied the application because Breaux had discharged his sentence and was not currently being restrained by any party due to his conviction in Trial Cause Number 240284-R. *See Ex parte Breaux*, No. 09-25-00117-CR, 2025 WL 1450715, at *1 (Tex. App.—Beaumont May 21, 2025, no pet.) (mem. op., not designated for publication). This Court dismissed Breaux's appeal for lack of jurisdiction. *Id.* We noted that Breaux failed to identify a collateral consequence of his conviction that restrains his liberty in his application to the trial court. *Id.*

In August 2025, Breaux filed a new article 11.09 application which the District Clerk filed as Trial Cause Number 250302-C. In his application, Breaux alleged that he is subject to "significant and ongoing restraints on his liberty flowing directly from the challenged conviction," including a lifetime federal firearm prohibition and a final protective order. Breaux challenged the conviction in Trial Cause Number 240284-R on grounds of ineffective assistance of counsel, involuntariness of his guilty plea, and actual innocence.

The trial court again denied the application because Breaux's sentence had been discharged and he was not currently being restrained by any party due to his conviction in Trial Cause Number 240284-R, and Breaux filed a notice of appeal. *See Ex parte Breaux*, No. 09-25-00322-CR, 2026 WL 916592, at *1 (Tex. App.—Beaumont Apr. 1, 2026, no pet. h.). This Court dismissed Breaux's appeal for lack of jurisdiction because the trial court denied Breaux's article 11.09 application

2

without issuing the writ or ruling on Breaux's claims. *Id.* On April 1, 2026, Breaux filed a motion for rehearing in Appeal Number 09-25-00322-CR and on April 7, 2026, a petition for a writ of mandamus that the Clerk of this Court assigned Number 09-26-00148-CR. We requested a response from the State regarding the mandamus petition.

To obtain mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law and what he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). In his mandamus petition, Breaux contends the trial court abused its discretion by denying the article 11.09 application in Trial Cause Number 250302-C because he sufficiently alleged collateral consequences of the conviction that constitute a restraint on his liberty. In response to Breaux's mandamus petition, the State concedes that by pleading in his second application that he is subject to a lifetime firearm ban as a consequence of his conviction, Breaux sufficiently pleaded that he is currently restrained due to a collateral consequence of his conviction. *See* Tex. Code Crim. Proc. Ann. Art. 11.22 ("By 'restraint' is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right."); *see also* 18 U.S.C. § 922(g)(9) ("It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to

. . . possess in or affecting commerce, any firearm[.]"; *see also In re A.R.C.*, 685 S.W.3d 80, 83 (Tex. 2024) (Although the appellant was no longer involuntarily committed, appeal challenging court-ordered mental health services was not moot because an involuntary-commitment order imposes collateral consequences under federal and state law, for example, 18 U.S.C. § 922(g)(9)). Thus, the State concedes the trial court abused its discretion in denying the writ application for the reason stated in the trial court's Order dated August 27, 2025. Breaux lacks a remedy by appeal. *See Ex parte Breaux*, 2026 WL 916592, at *1.

Breaux additionally argues the trial court abused its discretion by refusing to issue the writ, conduct an evidentiary hearing, rule on the merits of Relator's constitutional claims, or rule on Breaux's Motion for Appointment of Counsel. The State does not concede this issue and argues article 11.09 does not require a trial court to hold an evidentiary hearing. As supporting authority, the State cites an unpublished opinion from another jurisdiction. *See Ex parte Oliver*, No. 05-09-00611-CR, 2009 WL 3210710, at **2-3 (Tex. App.—Dallas Sept. 21, 2009, pet. ref'd) (mem. op., not designated for publication). In *Oliver*, the appellate court was comparing the lack of procedural requirements in article 11.09 to the procedural requirements contained in article 11.072. *See id.* Applying the presumption of regularity of trial court proceedings, the appellate court presumed the trial court reviewed the documents that were part of the trial court's file before ruling on the

application for writ of habeas corpus. *Id.* at \*3. We do not read *Oliver* as support for an argument that a trial court need not consider evidence if on its face the writ application demonstrates there are issues of fact that must be resolved.

To be entitled to consideration of the merits of the writ application, however, Breaux must comply with the requirements set forth in article 11.14 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. Art. 11.14 (Application Requirements). The application requirements of article 11.14 are not jurisdictional. *Ex parte Golden*, 991 S.W.2d 859, 862 (Tex. Crim. App. 1999). In *Golden*, the Court of Criminal Appeals considered the merits of Golden's unverified article 11.07 application where the State did not move to dismiss the application and conceded applicant was entitled to relief, the trial court made relevant fact findings, and there was adequate proof in the record to support the applicant's claims. *Id.* fn.2. That said, the habeas court may in its discretion deny a defective application. *See id.* at 861 ("In the past, we have denied relief in some cases and dismissed in others.").

To establish his entitlement to a writ of habeas corpus "[o]ath must be made that the allegations of the application are true, according to the belief of the applicant or petitioner." Tex. Code Crim. Proc. Ann. Art 11.14(a)(5). The application for writ of habeas corpus in the mandamus record includes an Unsworn Declaration Under Penalty of Perjury. In place of a "wet" signature is the notation "/s/Rebel Hayz Breaux, *Pro Se*." "'Verifying' a document, in the legal sense, is swearing to it.

'Signing' a document with a '/s/' signature or applying a 'plain' electronic signature (that anyone could insert) does not rise to the level of 'swearing to' implied by our verification requirements." *Ex parte Russell*, 714 S.W.3d 638, 639-40 (Tex. Crim. App. 2025) (dismissing article 11.07 habeas corpus application as non-compliant with Texas Rule of Appellate Procedure 73.1(g)). We conclude that Breaux has failed to establish that the trial court has a ministerial duty to issue the writ, conduct an evidentiary hearing, rule on the merits of Relator's constitutional claims, or rule on Breaux's Motion for Appointment of Counsel. *See In re State ex rel. Best*, 616 S.W.3d at 599.

We conditionally grant the petition for a writ of mandamus in part. We are confident that, following the issuance of our mandate in Appeal Number 09-25-00322-CR, the trial court will vacate its Order of August 27, 2025, and reconsider Breaux's article 11.09 application for a writ of habeas corpus. The writ shall issue only in the event the trial court fails to comply. All other relief sought in the petition for mandamus relief is denied.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on April 17, 2026
Opinion Delivered May 6, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.