

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-31,799-10

### EX PARTE ROBERT RAY ROBERTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2021CR5177-W2 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. SLAUGHTER, J., filed a concurring opinion. YEARY, J., dissented.

### O P I N I O N

Applicant was convicted of three counts of sexual assault of a child and sentenced to concurrent terms of nine years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Roberts v. State,* No. 08-23-00011-CR (Tex. App.–El Paso, August 4, 2023). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant requests an out-of-time petition for discretionary review (PDR). His Article 11.07 application is not verified. However, Applicant made the same request in a previous application that was properly verified but that was dismissed-direct appeal pending because the mandate had not issued. In addition, the trial court recommends granting relief on this application. Therefore, this

Court will not dismiss the application. *See Ex parte Golden,* 991 S.W.2d 859 (Tex. Crim. App. 1999).

Appellate counsel did not provide timely notice when Applicant's conviction was affirmed on appeal. The appellate opinion was issued on August 4, 2023. Under Texas Rules of Appellate Procedure Rule 48.4, appellate counsel had five days in which to send Applicant a copy of the opinion and judgment complying with Texas Rules of Appellate Procedure Rule 68. Appellate counsel submitted an affidavit in which he acknowledges that the certified mail card was date-stamped as mailed on August 16, 2023, and date-stamped as picked up by Applicant on August 18, 2023.

Applicant had thirty days after the day the appellate court's judgment was entered in which to file a PDR. Tex. R. App. Proc. Rule 68.2(a).[1] When Applicant received copies of the appellate court's opinion and judgment, he had approximately sixteen days to file a PDR.

Applicant asserts that, as a result of the delay, he did not have time to meaningfully prepare and file a *pro se* PDR. The habeas court recommends granting an out-of-time PDR.

We agree. Applicant filed his first writ application requesting an out-of-time PDR on September 25, 2023. He alleges that he was deprived of the right to file a PDR, and he is currently asking for an out-of-time PDR. *See Ex parte Crow,* 180 S.W.3d 135, 138-39 (Tex. Crim. App. 2005). Under the circumstances, Applicant's allegations are sufficient to prove that he would have filed a *pro se* PDR if he had been timely and properly informed that his conviction had been affirmed. *See Ex parte Wilson,* 956 S.W.2d 25, 26 (Tex. Crim. App. 1997).

---

[1] Appellate counsel points out that Applicant could have moved for an additional 15 days under Tex. R. App. Proc. Rule 10.5(b). The record contains no indication that Applicant was aware of this option or that he would have been capable of complying with the rule.

Applicant is granted leave to file an out-of-time petition for discretionary review. Should Applicant desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the Court of Appeals within thirty days after the issuance of the mandate of this Court in this cause. We dismiss Applicant's remaining allegations.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 11, 2024
Do not publish